No. 74.—JAMES S. HOLLINGSHEAD, administrator, &c. plaintiff in error, *vs.* HARDY McKENZIE, defendant.

[1.] If a bill is filed to enforce a parol agreement respecting lands, and the defendant, in his answer, admits the contract, without insisting on the Statute of Frauds, the Court will decree a specific performance, upon the ground, that the defendant has renounced the benefit of the Statute. But if the defendant should, by his answer, admit the parol agreement, and yet, insist upon the benefit of the Statute, he will be entitled to it, notwithstanding such admission.

[2.] It is not enough that there is a remedy at law to make the judgment at law a bar. It must be shown, not only that the matter alleged in the bill might have been set up by way of defence, but that it would have been as practical and as efficient to the ends of justice, and its prompt administration, as the remedy in Equity.

[3.] Where a creditor receives a deed to a tract of land, as collateral security, for the payment of a note, which is to be given at a future time, and the creditor dies before the note is given, and the consideration for the deed thus entirely fails, it would be fraudulent, in the administrator of the creditor, to retain the deed, when the object, for which it was given, had entirely failed, without fault on the part of the grantee; and Equity will order the instrument to be delivered up to be cancelled.

In Equity, in Macon Superior Court. Decision on demurrer, by Judge WARREN, March Term, 1850.

Hardy McKenzie, by his bill, alleged, that about the 14th February, 1842, he and one John M. Greer became sureties for one Warren Dykes, on three promissory notes, to one Miles K. Harman; that in 1844, he (McKenzie) made an agreement, verbally, with Harman, that Harman should give up the three notes, and

take in lieu thereof the individual note of Dykes; in consideration of which, McKenzie agreed to give, as collateral security for the new note, a deed to one half of a tract of land in Macon County. In pursuance of this agreement, the deed was made and delivered to Harman, but from various causes, Harman failed to execute his part of the agreement, and died, holding the three notes still in his possession. Since his death, his administrator had recovered judgment on the notes, and the same had been paid up by McKenzie. The bill prayed that the deed might be given up to be cancelled.

Demurrer. 1st. For want of equity; 2d. That the parol agreement cannot be proved to vary an absolute deed; and 3d. Complainant should have made defence to the notes sued.

The Court overruled the demurrer, and defendant excepted.

GILES and WARREN, for plaintiff in error, cited—

*Miller vs. Cotten,* 5 *Ga. Rep.* 346, 347. *Robson vs. Harwell and Wife,* 6 *Ga. Rep.* 595. *Irnham vs. Child,* 1 *Bro. Ch.* 93. *Acts of* 1837, *pam.* 111. *Hotchkiss,* 589. 1 *Greenl.* §§276, 288. 7 *Bac. Abr.* 244, '5. *Moss vs. Riddle,* 5 *Cranch,* 351. 2 *Smith's Lead. Cas.* 327, 30. *Maxwell vs. Connor,* 1 *Hill's Ch. R.* 22. *Bostwick vs. Perkins et al.* 1 *Kelly,* 139.

S. MILLER and R. P. HALL, for defendant, cited—

*Roberts on Frauds,* 155, '6, 130, 78. 1 *Bland's Ch. R.* 248, 288. *Story's Eq. Pl.* §763. 2 *Bland,* 261. 8 *Ga. Rep.* 245. 1 *Kent,* 464. *Chitty on Contracts,* 741. *Boyce, executor, vs. Grundy,* 3 *Peters,* 10. *Bac. Abr.* 199. 1 *John. Cas.* 155. 3 *John.* 216. 11 *John.* 96. 6 *Ga. Rep.* 614, 623. 2 *Kelly,* 420. 4 *Conn.* 276. 2 *Penn.* 492.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The complainant insists on his right to discovery, for the reason that the defendant, by his answer, may admit the parol agreement. But what of that, if he claims the benefit of the Statute? It would be utterly nugatory; for whatever doubts may have once existed, it is now well settled, that if the defendant should, by

his answer, admit the parol agreement, and should insist on the benefit of the Statute, he will be fully entitled to it, notwithstanding such admission. *Story's Eq. Pl.* §763.

[2.] It is contended, that as judgment has been obtained in a suit at law, against McKenzie, on the notes, in which the matter alleged in this bill, may have been set up by way of defence, that Equity has no jurisdiction. 3 *Merivale's Rep.* 225, 226. *Chitty on Contracts,* 113. *Sugden on Vendors,* 129.

But the true rule, we understand to be this—that it is not enough that there is a remedy at Law to make such a plea a good bar to a proceeding in Chancery—it must be shown that it was as practical and as efficient to the ends of justice, and its prompt administration, as the remedy in Equity. Besides, frauds and trusts are peculiarly within the jurisdiction of the Chancery Courts. 1 *Mad. Ch.* 262. 3 *Cranch,* 280. 9 *Ves.* 21. 1 *Jacob & Walker,* 19. 5 *John. Ch. Rep.* 174. 2 *Conn.* 129. 2 *John. Ch. Rep.* 596. 6 *Munf.* 283. 4 *Penn. Rep.* 131. 3 *Peters' Rep.* 210.

[3.] On the main question, as to whether McKenzie is entitled to have the deed which he made to Harman in his lifetime, delivered up to be cancelled, the view we take of it is this—the note of Dykes, the principal debtor, was to have been substituted for the three notes of Dykes, McKenzie and Greer, and the deed to the land given as collateral security. The conveyance was executed, but Harman retained the original notes, in order to ascertain, by calculation, for what amount the new note should be taken, and died before the arrangement with Dykes was consummated. Hollingshead, his administrator, finding the old notes amongst the papers of his intestate, has sued for and collected the money due thereon. Here, then, the deed which was originally valid, has, by subsequent events, to wit: the payment of the indebtedness, become *fructus officio*. It is a nullity to all intents and purposes, and a Court of Chancery will interpose in the administration of a protective or preventive justice, and decree a delivery and cancellation of the instrument. The case of *Inock vs. Steyvesant,* (2 *Paige's Rep.* 84,) was very similar to this. There, absolute deeds were made, but for the purpose of effecting certain objects not specified on their face. The objects contemplated by the parties were prevented by an Act of the Legislature; and a bill was filed for a re-conveyance, as in the present instance, which was decreed with costs; and Chancellor *Walworth* lays down this

broad principle, which he asserts is constantly acted upon, subject to such limitations and restrictions as are necessary to protect the rights of *bona fide* purchasers and others, who have superior equities, namely : that where, from any defect of the Common Law—want of foresight of the parties, or other mistake or accident, there would be a failure of justice—it is the duty of a Court of Equity to interfere and supply the defect, or furnish the remedy.

Judgment affirmed.