AARON F. F. JONES, plaintiff in error, *vs.* JAMES F. LAVENDER, defendant in error.

1. The record of a former recovery is not admissible under the plea of not guilty. The general issue is a denial of the allegations in the plaintiff's declaration, and admits only such evidence as disproves the plaintiff's cause

Jones *vs.* Lavender.

of action; all matters in satisfaction or avoidance must be specially pleaded: Code, section 3458.

2. The record of a former recovery is admissible under a special plea (however vague,) setting up a former suit, unless objected to on account of insufficiency in the plea; and if that were the ground of objection in the court below, it ought so to appear in the bill of exceptions. A mere general statement that evidence was objected to without the specification of any ground, will not reach defective pleading: *47 Georgia Reports, 99.*

3. It is too late to demur to a defective special plea after all the evidence that could be admitted under it, if duly amended, has come in.

4. Unless it appear that the demurrer to a plea was special it will be presumed to have been general, and therefore, on a bare statement in the bill of exceptions that a plea was demurred to, and the demurrer overruled, the supreme court will not pass on the form, but only on the substance of the plea.

5. In an action on the case for obstructing a water course and continuing the obstruction, causing thereby damage to the plaintiff's land and mill, a plea which alleges a prior action between the same parties for the same cause of action, and a verdict therein for defendant, is good in substance, and ought not to be stricken on general demurrer.

6. In construing such a plea, the denial of trespass or damage since the rendition of the verdict in the former action, may be treated as surplusage.

7. Damages caused by back-water from a mill-dam, can be recovered only up to the time of commencing the action, not up to the trial: 1 Saunders' on Pleading and Evidence, 760; Sedgwick on the Measure of Damages, 105.

8. Where the plaintiff might, without any new act on the part of defendant after a former suit was commenced, have sustained damage between the time of instituting that suit and the time of instituting the present suit, and such damage might have resulted from the same positive acts complained of in the former suit by reason of the longer continuance of the state of things which those acts established, a verdict for defendant in the former suit is not conclusive upon the plaintiff in the latter.

9. Where, however, there is perfect identity in both suits as to the plaintiff's right, the defendant's wrong and the plaintiff's damages, the record of the former suit is a complete bar, whether pleaded technically as an estoppel with a *prout patet per recordum,* or given in evidence to the jury: 17 Vermont R., 419; 2 Penn. State R., 492; 4 Gill. & J., 360.

10. If the amending party's original pleadings were full enough to give reasonable premonition that the matter embraced in the amendment existed as a fact, and was likely to be used on the trial, a want of preparation by adverse counsel, on the points of law applicable to it, is no cause for a continuance on the ground of surprise.

Pleadings. Former recovery. Evidence. Practice in the Superior Court. Practice in the Supreme Court. Demurrer.

Damages. Water. Amendment. Continuance. Before Judge HALL. Pike Superior Court. April Term, 1875.

Reported in the opinion.

BOYNTON & DISMUKE; SPEER & STEWART, for plaintiff in error.

BECK & BEEKS, for defendant.

BLECKLEY, Judge.

On the 22d of September, 1874, the plaintiff filed a declaration in case against the defendant, laying damages at $1,000, and alleging in the first count, that on, and for a long time anterior to, the 10th day of October, 1872, the plaintiff was, and had been, ever since, the true owner, and in possession of certain premises, fully described; and that the defendant did, on the said 10th day of October, 1872, erect, keep and maintain, from thence until the commencement of this suit, a mill dam on certain lands of the defendant; and by the erection of the dam, did back up, and overflow the water of a certain stream running through the plaintiff's said premises, whereby the defendant caused the water to flood, overflow and destroy two acres of the plaintiff's bottom land; and did, by keeping and maintaining said dam, caused the water to back in the stream and overflow and cover the wheel of the plaintiff's mill situated on his said premises, which mill was of the yearly value of $200 00; whereby the defendant then, and has continually since, by the backing of the water over the wheel of the plaintiff's mill, and the overflow of his said bottom land, damaged and injured the plaintiff.

The second count in the declaration alleged, that on the 10th of October, 1872, the defendant erected, and has since maintained and kept up, a mill dam whereby the water of the stream is backed up into a large pond and overflows and damages two acres of plaintiff's bottom land, and the water is caused to flow back and stand in an eddy over the water wheel

Jones *vs.* Lavender.

of plaintiff's mill, preventing the mill from running, etc., to the plaintiff's damage, etc.

The defendant pleaded the general issue, and a very vague special plea, in which he set up the defense of *res adjudicata*, because, as the plea alleged, the title to the plaintiff's land was distinctly put in issue on a former trial between the same parties, and the question was heard and determined and a verdict rendered for the defendant. This plea described no particular action and made no profert of the record.

Evidence was introduced for both parties. That for plaintiff tended to prove title in him continuously from a date prior to 1868, the commission of the original trespass by defendant through increasing the height of his dam, in that or the following year, the continuance of the back-water from the same cause up to the time of trial, and continuous damage therefrom to the plaintiff by overflow of his land and obstruction of his mill wheel, in the manner alleged in the declaration. That for defendant tended to show that the water had never been higher or more hurtful to plaintiff after defendant raised the height of his dam, than it was before. The defendant himself, testified that there had been no change in his dam or pond since the last trial of a similar suit between the parties touching the same matter, no change in the water marks, and no additional damage to the plaintiff; and that since that time a part of the dam had been lowered five or six inches by washing off, the effect of which was to reduce the height of the water.

The record of the former suit referred to was then offered in evidence. That suit was commenced March 5th, 1872, and terminated by a verdict for defendant at April term, 1874. The evidence was admitted over objection made by the plaintiff, the ground of which is not stated.

The defendant then, by way of amendment of his pleading, filed a plea of former recovery, alleging, in substance, that the cause of action now complained of existed at the time of filing plaintiff's writ against him in a former suit, and was alleged therein as such cause of action, and constituted the

Jones *vs.* Lavender.

issue in that suit; and the question of damages claimed for the same wrong and injury, because of the same act and deed of defendant, was passed upon by the jury and a verdict was rendered for defendant; and that there has been no new or additional trespass, or any other act or deed by the defendant, not complained of and made the matter in issue in the former suit, by which plaintiff has been injured or damaged, from the date of the rendition of the verdict in that suit up to the commencement of this present action.

To this plea, and also to the original special plea, the plaintiff now demurred, and the demurrer was overruled.

At this point, the plaintiff moved to continue the case, on the ground of surprise by the amendment, his counsel stating in their place that they were surprised by the amended plea and not prepared to meet it; that they desired time to prepare with evidence and authorities; that they could not say to what extent they would be able to meet the amended plea with evidence showing acts of trespass since the verdict in the former suit; but they were surprised; had not anticipated such a plea, and were not prepared to go on. The court refused the continuance.

The plaintiff then introduced in evidence the record of a suit between the same parties touching the same general matter, prior to the suit shown by the defendant's evidence, in which the plaintiff recovered damages by a verdict rendered at March term, 1871.

The court charged the jury that the verdict for defendant in the former suit was conclusive upon the plaintiff, if the acts of trespass complained of in that suit were the same as those now complained of—that is, if no new acts of trespass are complained of; the legal effect of that finding being that said acts do not amount to a trespass. Under this charge the jury rendered a verdict in favor of the defendant.

The errors assigned are the admission in evidence of the record of the former suit; the overruling of the demurrer to the original and amended plea; the refusal to grant the motion for continuance; and the charge of the court.

The head-notes present the views of the court on these various exceptions. We sustain the judge in everything but his charge; but the charge, we think erroneous, as concentrating too much on acts of trespass without explanation of what would amount, in contemplation of law, to such acts. The charge, as given, would be apt to direct the minds of the jury to the positive act of making the dam or raising it higher; whereas, all that might have occurred prior to the former suit and still no water have been thrown back upon the plaintiff so as to damage him. Maintaining the dam after that suit may have caused the channel to fill with earth or sand so as to cause higher water after the suit than before, and thus damage the plaintiff; or some damage may have occurred by the fall of heavier rains after than before, even with the same depth of channel. What the defendant testified to would seem to negative all this in respect to the period of time after the *trial* of the former suit, but not necessarily as to the time between the commencement of that suit and the trial thereof. At all events, the continuance of the state of things which the defendant's acts established was a vital element of the case, and the jury should have passed upon the evidence and determined whether or not any damage resulted to the plaintiff therefrom by either a permanent or temporary increase in the height of the water at any time between the bringing of the former action and the commencement of that on trial.

Judgment reversed.