## NEAL *v.* CONWELL.

Under the facts shown in evidence and a proper construction of the contract sued on, the court erred in granting a nonsuit.

Submitted March 1,—Decided April 30, 1902.

Complaint. Before Judge Proffitt. City court of Elberton. August 16, 1901.

*Joseph N. Worley*, for plaintiff.
*William D. Tutt & Son*, for defendant.

SIMMONS, C. J. Mrs. Neal and Conwell were partners in two ventures, one a farm and the other a mercantile business. Differences arose between them, and they appointed a joint agent to settle up the affairs of the partnership. In executing his duties as agent, he advertised for sale certain property belonging to the partnership. At the sale Mrs. Neal purchased property to the value of $200 or $300, and Conwell purchased articles sold to him at the price of $572.97. Before the agent had completed the duties assigned to him, Conwell became dissatisfied, filed an equitable petition against Mrs. Neal, and had a receiver appointed. The receiver took charge of all of the property and assets which had been in the hands of the agent. Among these assets were the two accounts, one against each of the partners, for the goods sold by the agent. The receiver delivered to them the goods purchased at the sale, and placed the accounts on the books. While the receiver was still in charge of the affairs of the partnership, the partners entered into a contract wherein it was stipulated that Mrs. Neal should dismiss certain suits upon promissory notes filed by her

against Conwell and should pay the costs therein; "that the assets of the firm of Neal & Conwell, now in the hands of [the] receiver, shall still remain in his hands for the purpose of paying the debts of the firm, . . and whenever said debts are paid the balance of the said assets to become the property of" Mrs. Neal; and that Conwell should pay Mrs. Neal $500. It was further agreed "that this settlement shall be in full acquittance of all claims against said Conwell growing out of any transactions between them," and that it was "the express understanding of both parties that this [was] to be a complete settlement of all claims of the one against the other." Subsequently the receiver made his final report, setting out his receipts and disbursements, and showing a balance in his hands of nearly $100; and the judge passed an order directing him to pay the balance in his hands into court, and discharging him as receiver. By a later order the judge directed this balance to be paid over to Mrs. Neal, the order reciting that this was the balance after paying the debts. The receiver also turned over to Mrs. Neal the accounts against herself and Conwell for the goods each had purchased at the sale made by their agent. Mrs. Neal brought suit on the account against Conwell. The judge granted a nonsuit, to which Mrs. Neal excepted.

1. The main proposition argued here by counsel for the plaintiff in error was that the court misconstrued the contract of settlement above set out. It was stated in the brief that the court held that Mrs. Neal had no right under the contract to bring suit upon this account; that the contract was a full and final settlement of all matters relating to the partnership affairs of these parties. If the court so construed the contract, we think its construction was erroneous. In the contract of settlement it will be noticed that the assets in the hands of the receiver were to become the property of Mrs. Neal after the receiver had paid the debts of the firm. The accounts against Mrs. Neal and Conwell were certainly assets of the firm. The accounts represented the property they had bought at the sale. Had it been necessary to pay the debts of the firm, the receiver could have collected these accounts out of the parties. Inasmuch as it appears not to have been necessary, the accounts became the property of Mrs. Neal under the agreement as much as the goods would have done had they not been sold by the agent. If the goods purchased at the agent's sale by Conwell had never

been delivered to him and had remained in the hands of the receiver, then under the agreement they would have become the property of the plaintiff. Conwell received the goods, and his indebtedness therefor stood in their place. His account was an asset of the firm, and became the plaintiff's property. It was argued by counsel for the defendant in error that, even if this account was assets in the hands of the receiver, the subsequent clauses in the agreement were intended to settle and dispose of them. We think that these clauses, taking the agreement as a whole, did not mean that this account should be thereby settled. The agreement distinctly stipulated that all the assets left in the hands of the receiver should become the property of Mrs. Neal, and both parties must have known that these accounts belonged to the firm and were assets of the partnership. Why, if that be the case, should they agree that Mrs. Neal should acquire them, and then in the next paragraph declare that they were settled? But clearly they did not do this. At that time these accounts were not in the hands of Mrs. Neal but in hands of the receiver, and the assets given her by the agreement were those which were then in the hands of the receiver. The stipulation relied upon by counsel for the defendant in error is not as broad as he would make it. The settlement is agreed to be an acquittance of all claims against Conwell growing out of any transactions between them. The claim sued upon did not grow out of any transaction between plaintiff and defendant, but out of an individual purchase by Conwell from their agent of partnership property. Further than this, the clauses relied upon do not release Conwell except subject to the terms of the contract of settlement. They provided that this contract should be a full settlement and acquittance; but this clearly means that after complete performance of all the stipulations of the contract Conwell should be liable for nothing more. He was released only after performance of whatever was previously stipulated in the contract, and this agreement can not be relied upon to release him from obligations imposed by the contract itself. These clauses of release have, therefore, little or no bearing upon the meaning to be given the preceding clauses.

2. It was argued by counsel for the defendant in error that Mrs. Neal could not recover, because it was not shown that the debts had all been paid, and under the contract she had no title to the account until after payment of the debts. It did appear that a re-

ceiver was appointed by the court to collect the assets and pay the debts of the partnership; that he made his final report, showing his receipts and disbursements, and was discharged by the court; and that the balance in the receiver's hands was ordered paid to Mrs. Neal, the order reciting that the debts had been paid. This was, we think, sufficient prima facie evidence of the payment of all the debts to authorize a recovery by Mrs. Neal. The receiver was appointed for the purpose of collecting the assets and paying the debts and protecting the creditors. He reported to the court that he had a balance on hand, and the court, having knowledge that he had fully performed his duty, discharged him as receiver. The return of the receiver and the orders of the court were, prima facie, evidence that the debts had been paid.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*