### CONWELL *v.* NEAL *et al.*

While a second application for an injunction may be made where an injunction was refused on the first application, such second application is addressed to the discretion of the judge, and should not, as a general rule, be granted unless based upon grounds which were unknown to the applicant at the time of the first application, and which could not, by the exercise of ordinary diligence, have been discovered by him.

**Argued July 6, — Decided August 14, 1903.**

Petition for injunction. Before Judge Holden. Wilkes superior court. May 30, 1903.

*W. D. Tutt & Son* and *Z. B. Rogers,* for plaintiff.
*George C. Grogan* and *J. N. Worley,* for defendants.

COBB, J. Mrs. Neal and Conwell were partners in two ventures, one a farm and the other a mercantile business. While from a financial standpoint the enterprise does not seem to have been as successful as the parties might have desired, still, viewed in the light of controversy and litigation, it has been eminently successful in bringing about cases between the partners involving puzzling and intricate questions of law and distressing issues of fact. Conwell brought a petition against Mrs. Neal, to wind up the affairs of the partnership. A receiver was appointed, and the case resulted in a final decree, which apparently ended the controversy. Subsequently Mrs. Neal brought a suit against Conwell, in the city court of Elberton, to recover an amount which she claimed was due to her under the decree above referred to and the agreement of settlement upon which it was based. A nonsuit was granted, and upon a writ of error this judgment was reversed. *Neal* v. *Conwell,* 115 *Ga.* 471. Conwell then brought an equitable petition, in Elbert superior court, to enjoin the action at law

in the city court, in order that he might set up certain cross-demands against the plaintiff's claim, which it was alleged could not be the subject-matter of a set-off in the city court.     The judge refused the injunction, and upon writ of error this judgment was affirmed; it being held, that, as insolvency of Mrs. Neal was not alleged, and no other reason shown why the plaintiff in the equitable proceeding could not set up his cross-demands in the city court, the injunction was properly refused.  *Conwell* v. *Neal*, 115 *Ga.* 421.     In the case just referred to the defendants were Mrs. Neal and Wansley, the receiver, who had been appointed in the first case brought to wind up the affairs of the partnership, one of the prayers of the petition being that the order discharging the receiver in that case be set aside.     In the present case Conwell brings an equitable petition against Mrs. Neal and the receiver, in Wilkes superior court, both of the defendants now residing in that county.     In this petition it is alleged that Mrs. Neal is insolvent, and this is averred to be the reason why the suit in the city court should be enjoined and the superior court take jurisdiction of the entire controversy, so that Conwell may be allowed to set off his cross-demands, which are not the subject-matter of a set-off at law, his cause of action against Mrs. Neal having arisen since the suit in the city court was filed.     This is therefore a second application by Conwell to enjoin the suit in the city court.     It is claimed that this application should have been granted, because the insolvency of Mrs. Neal is alleged, and was not alleged in the former application.     The first application did not allege that Mrs. Neal was insolvent.  This application alleges that she is, but it does not state that her insolvency has arisen since the first application was filed, or, if not, that it was unknown to Conwell at that time or could not have been discovered by the exercise of ordinary diligence.

Parties are permitted to make a second application for injunction when the first application has been refused, and such applications are addressed to the discretion of the judge; but as a general rule second applications should not be granted unless based upon grounds which were unknown to the applicant when the first application was filed, or could not have been discovered by him by the exercise of ordinary diligence.     Civil Code, § 4921; *Savannah, Florida & Western Railway Company* v. *Postal Telegraph-Cable Company*, 115 *Ga.* 916.     " If a person sues to enjoin an

act, he must bring forward all his causes and reasons, as a failure will bar a new suit. A second injunction for new matter can not be allowed, if the matter subsisted and was known at the time the first bill was filed." 1 Van Fleet, Former Ad. § 102. See also Bass *v.* Nelms, 56 Miss. 502, 507; McMicken *v.* Morgan, 9 La. Ann. 208 ; Porter *v.* Morere, 30 La. Ann. 230 ; Bank *v.* Schultz, 3 Ohio, 61. " It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. · There would be no end of litigation if such a practice were permissible." Stark *v.* Starr, 94 U. S. 485. The Civil Code declares : " A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies, as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." § 3742. In *Wilson* v. *Williams*, 115 *Ga.* 474, it was held that a judgment between the same parties is conclusive on all matters that were actually adjudicated in the case, or which could have been therein properly adjudicated. See also, in this connection, *Green* v. *Central of Georgia Railway Co.*, 112 *Ga.* 859; 24 Am. & Eng. Enc. L. (2d ed.) 781; Hukm Chand, Res. Jud. 88 et seq., 613 et seq. It was the duty of Conwell, when he made his first application to enjoin the suit in the city court, to have brought forward all of the grounds that would have been sufficient reasons for granting the injunction, that were known to him or that could have been discovered by the exercise of ordinary diligence. In 'his second application, while he alleges facts which are not set forth in the original application, he does not show either that they were unknown to him at that time or that they could not have been discovered had he exercised ordinary diligence to do so. Considering the record as a whole, we can not say that the judge has abused his discretion in refusing to grant this application for injunction.

It is said, though, that Mrs. Neal's plea of res adjudicata is defective, for the reason that the record attached thereto as an ex-

hibit is not the record in the first application for injunction, but is the record in the original partnership suit between Conwell and Mrs. Neal. An examination of the record shows that this is true, and that, either on account of the mistake of the clerk or of counsel, a copy of the wrong record is attached to the plea. Wansley, however, also interposed a plea of res adjudicata, and attached to his plea a copy of the record in the original application for injunction. It appears, therefore, that the judge had before him the record necessary to determine the question raised by the plea, and having no doubt based his judgment on the facts gathered from the original application attached to the plea of the defendant Wansley, we will not reverse his judgment refusing the injunction as to Mrs. Neal, merely because of the defective and informal character of her plea. Especially will the judgment not be reversed when the plea sets up in general terms the former adjudication in such a way as to be good against a general demurrer, and it does not appear that any objection was made in the court below on account of the variance between the plea and the exhibit. There was no error in refusing the injunction.

*Judgment affirmed. By five Justices.*