LINDER *v.* ROWLAND.

SIMMONS, C. J.  1. The right of action in this case did not accrue until the injury was suffered; and the plaintiff below was not barred by the statute of limitations, his suit being brought within the proper time.
2. A judgment on an action in assumpsit between certain parties is not a bar to an action of tort brought by the same plaintiff against the same defendants, although some of the facts used in the latter action were relied on in the former.
3. There was no error in any of the charges of the court complained of in the motion for new trial, nor in the admission of evidence.  The evidence warranted the verdict, and the court below did not abuse its discretion in refusing a new trial.  *Judgment affirmed.  All the Justices concur.*

Submitted January 11, — Decided March 8, 1905.

Action for damages.  Before Judge Daley.  Johnson superior court.  May 7, 1904.

Rowland sued Linder for $10,000, as damages.  The case made by his allegations was as follows:  While Rowland was deputy-sheriff, a fi. fa. against Linder was placed in his hands for collection, and on January 1, 1901, the day on which his term of office expired, and before his successor had qualified, he went to Linder's office, at Linder's request, to receive payment of the amount due on the fi. fa.  Linder thereupon drew a check in favor of the plaintiffs in fi. fa. for that amount, enclosed the check in an envelope, properly addressed and stamped, and gave it to his office boy, telling him to take it to the post-office and mail it; and Rowland, believing that Linder was acting in good faith, marked the fi. fa. " satisfied in full," and gave it to Linder.  The check was never received by the plaintiffs in fi. fa., and though repeated demands were afterwards made on Linder by them and by Rowland, he failed and refused to give a duplicate check or to pay the amount due on the fi. fa., insisting that he had paid it to Rowland.  The plaintiffs in fi. fa. brought suit against Rowland and the surety on his official bond, in 1903, and obtained judgment against them for the amount due on the fi. fa.; the surety paid the amount of the judgment, and then brought a rule against Rowland for the uncollected money; the rule was made absolute, and Rowland, being unable to pay the money, was imprisoned in jail and kept there several days.  It was alleged that Linder, by the conduct mentioned, deceived Rowland and thereby induced him to receipt

and surrender the fi. fa.; and that the issuance of the rule abso-
lute and the imprisonment were the result of the fraud thus prac-
tised.; and that he sustained damage as follows: loss of time in
attending court and during his imprisonment; the sum of $105.63
paid by him in settlement of the rule against him; mental pain
and humiliation in consequence of the legal proceeding against
him and of his arrest and imprisonment; and injury to his reputa-
tion.    The suit was filed September 1, 1903.

At the trial the defendant moved to dismiss the suit, on the
ground that it was barred by the statute of limitations.    Error is
assigned on the overruling of this motion.    He pleaded that in
a former suit Rowland obtained a judgment against him for the
same cause of action, and that the judgment had been paid; and
in support of this plea he introduced in evidence the papers in a
suit brought against him by Rowland in a justice's court, in
March, 1903, in which it was alleged that the amount sued for,
$50, "is an amount said . . Rowland credited on one certain
fi. fa. he as sheriff held against said . . Linder, and that said
credit was made or given January 1; 1901, the same being pro-
cured through fraud practised upon defendant (?), which said
amount was never paid by said Linder."    Rowland admitted that
the testimony introduced on the trial of that suit was sub-
stantially the same as that introduced in this trial, and that the
judgment obtained by him in that suit had been paid.    In the
present case there was a verdict against the defendant for $150.
His motion for a new trial was overruled, and he excepted.    The
grounds of. the motion, in addition to the general grounds, were
as follows: (1) The court erred in allowing the plaintiff to testify
that he lost three or four days in trying to get Linder to pay
the debt, and his services while so employed were worth $1 per
day; and that he had no defense to the rule absolute; the defend-
ant objecting to this testimony on the ground that he would not.
be liable for loss of time sustained by Rowland in presenting his
account.    (2) The court erred in allowing the plaintiff to testify
that he was required to pay 20 per cent. interest on the money
for which he was ruled, and in allowing the jury to consider the
evidence in estimating damages; over the objection of the defend-
ant that he would not be liable to the plaintiff for more than the
legal rate of interest.    (3) The court erred in charging the jury

as follows: "The justice court papers in evidence before you are for the amount of money sued for and collected by Rowland from Linder; and I charge you that would be a bar of his right to recover upon that point. This, however, does not stand in bar of his recovery under any other allegations of the petition, these allegations being as to his loss of time, of the injury to his reputation, and his mortification on account of the imprisonment resulting from this alleged misrepresentation and deception." Also: "I charge you further that I do not think the statute of limitation applies in this case from the time it is claimed that this deception was used and the alleged check given. That was not the occasion of the injury, according to the allegations of the petition. I charge you that the time the injury resulted to the plaintiff in this case should be the time in ascertaining whether he has brought his case within the statute of limitation." It is alleged that the instruction last quoted was an incorrect exposition of the law, and an expression of opinion as to what had been proved.

*J. L. Kent*, for plaintiff in error.    *A. S. Bussey*, contra.