## NEAL v. CONWELL.

LUMPKIN, J. 1. The written contract involved in this case was construed when it was formerly before this court (115 *Ga.* 471); and it was then held that the account against the defendant, on which the suit was based, was an asset in the hands of the receiver, within the meaning of that contract. The account due by the plaintiff to the firm, as the case was then presented, appeared to have arisen by purchase at the sale made by the agent in whose hands the property was placed by the parties. At the subsequent trial, evidence was introduced to show that in fact the account which the plaintiff owed did not so arise, but was a debt due to the firm. But this would not alter the decision as to the status, as assets, of the debt due by the defendant, as determined by the former decision of this court.

2. Under the former ruling of this court construing the written contract between the parties, and which is binding in this case, the account against the defendant was an asset, and it was not competent to prove by parol a previous agreement that it should not pass to the plaintiff with other assets, under the terms of the written contract.

3. None of the other grounds of the motion for a new trial require a reversal.          *Judgment reversed. All the Justices concur.*

Submitted July 18, — Decided November 16, 1906.

Rehearing denied December 21, 1906.

Complaint. Before Judge Proffitt. City court of Elberton. January 12, 1906.

*Joseph N. Worley,* for plaintiff.

*Z. B. Rogers* and *W. D. Tutt Jr.,* for defendant.

#### ON MOTION FOR REHEARING.

LUMPKIN, J. The headnotes sufficiently show the rulings made. An application has been made for a rehearing on the ground that the evidence introduced on the second hearing of the case was different from that on the first hearing, and therefore the former decision is not binding. It is true that on the former hearing only evidence for plaintiff was introduced, and the question was whether the grant of a nonsuit was correct. It is also true that some evidence was introduced on the second trial which was not before the court on the first trial. But when the case was formerly before this court the written contract between the parties was construed, and it was distinctly held that under it the account against Conwell was an asset which passed to Mrs. Neal when the debts were paid. It was then said: "In the contract of settlement it will be noticed that the assets in the hands of the receiver were to become the property of Mrs. Neal after the receiver had paid the debts of the

firm. The accounts against Mrs. Neal and Conwell were certainly assets of the firm. The accounts represented property they had bought at the sale. Had it been necessary to pay the debts of the firm, the receiver could have collected these accounts out of the parties. Inasmuch as it appears not to have been necessary, the accounts became the property of Mrs. Neal under the agreement as much as the goods would have done had they not been sold by the agent. If the goods purchased at the agent's sale by Conwell had never been delivered to him and had remained in the hands of the receiver, then under the agreement they would have become the property of the plaintiff. Conwell received the goods, and his indebtedness therefor stood in their place. His account was an asset of the firm, and became the plaintiff's property. It was argued by counsel for the defendant in error, that, even if this account was assets in the hands of the receiver, the subsequent clauses in the agreement were intended to settle and dispose of them. We think that these clauses, taking the agreement as a whole, did not mean that this account should be thereby settled."

On the second trial the evidence showed that the indebtedness of Mrs. Neal did not arise out of a purchase of goods from the common agent, but from a book account which she owed the firm. As to Conwell's account it still appeared that it arose from a purchase from the common agent; that Conwell himself filed an equitable petition and caused all the assets of the firm to be placed in the hands of the receiver before the property thus purchased had been delivered to him, and that such property was delivered to the receiver; that subsequently it was delivered by the receiver to Conwell; that the sales-book with this amount entered on it, as well as the store-book, was delivered to the receiver; that he transcribed this account of Conwell onto the store-book; that (in the language of the receiver as a witness) "these accounts of Neal and Conwell were turned over to me by Cason as assets of the firm of Neal & Conwell, and both accounts stood open against them on December 1, 1899, and when I was discharged in March, 1900. I never balanced these accounts, nor had I ever asked either of them to pay either of the accounts when I was discharged on March 17, 1900." He delivered to Mrs. Neal the money on hand and the books of account and everything else he had of the firm of Neal & Conwell, under the orders of the court. It will thus be seen that

the essential facts on which the former ruling construing the written contract was based were not changed, unless the evidence next referred to was admissible. It was proposed to show in effect that there was a parol agreement between the parties, antedating the appointment of the receiver and the making of the written contract of settlement between them, to the effect that Conwell might buy enough property from the common agent to equalize the indebtedness of Mrs. Neal, and that the two accounts should offset each other; and also, by reason of such agreement, the receiver testified that he did not consider either account an asset. This was admitted. It being unquestioned that the goods which Conwell had previously agreed to purchase were placed in the hands of the receiver under a petition filed by Conwell himself to have the assets so placed, and it not appearing that they were afterwards delivered to Conwell under any order of court, and this court having distinctly ruled that the account for such goods was covered by the written agreement, to permit parol evidence of a prior verbal agreement to the effect that they should not be so covered would be to contradict the written agreement as thus construed. It is not a question whether that construction be right or wrong; it is an adjudication of the Supreme Court in the same case, and must stand.

We deem it unnecessary to discuss the evidence as to whether or not the debts had been paid, and whether the assets passed to Mrs. Neal under the contract, or whether Conwell could set off payments afterwards made by him, if any.

*Motion for rehearing denied. All the Justices concur.*