## GILLENS *v.* GILLENS.

FISH, C. J. A wife upon the trial was granted a divorce, and the temporary custody of the minor children, with a provision in the order that their permanent custody should be subsequently determined by the judge of the county court, or ordinary of the county where the divorce was granted. After the death of one of the children, the husband under a proceeding of habeas corpus had the custody of the other awarded to him by the ordinary. The wife took that proceeding by certiorari to the superior court, and pending the matter she removed with the child, whose custody she had continued to hold, to another county. The husband having likewise removed to that county, the wife sued out there a writ of habeas corpus against him for the child, and upon the trial of such proceeding she was awarded its custody. Subsequently the wife was duly appointed guardian of the person and property of the child. Thereafter the husband and the wife, she keep-

ing the custody of the child, moved back to the county where they resided when the divorce was granted, and the husband there had a deputy sheriff to take possession of the child and deliver it to him. The mother then instituted a habeas-corpus proceeding against the father for the custody of the child. Her application set forth in detail the facts above stated, and further alleged that the father, since the child was awarded to him, had lived illicitly with a woman by whom he had two illegitimate children, and that subsequently he had married another woman who was alleged to be cruel to the children. It was further alleged that the defendant had failed to pay the alimony awarded in the divorce suit for the support of the child. The petition was dismissed, the judge who heard it being of the opinion, as appears from his order, that the judgment of the ordinary awarding the custody of the child to the father was still binding. *Held*, that the petition set forth a cause of action, and it was error to dismiss it. It alleged material changes in the status since the judgment giving the father the custody of the child, which might cause a different judgment. *Milner* v. *Gatlin*, 139 *Ga.* 109 (76 S. E. 860); s. c. 143 *Ga.* 816 (85 S. E. 1045, L. R. A. 1916B, 977), and cases cited.

*Judgment reversed. All the Justices concur.*

No. 911. DECEMBER 12, 1918.

Habeas corpus. Before Judge W. H. Davis. City court of Waynesboro. March 20, 1918.

*E. V. Heath*, for plaintiff.