22395. SOUTHERN RAILWAY COMPANY *v.* DAVENPORT.

BROYLES, C. J. 1. "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, *or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered.*" (Italics ours.) Civil Code (1910), § 4336.

2. The plaintiff in the instant case originally brought his suit against the Southern Railway Company and Tull Waters, its engineer, and his cause of action was predicated *solely* on the alleged negligence of said Waters as the agent of the railroad company. A verdict and judgment were returned in favor of the defendant Waters. It follows that no valid judgment could thereafter be rendered against the railroad company on the same cause of action based upon the alleged negligent acts of other employees of the company. "It is a settled principle of law that a party seeking to enforce a claim legally or equitably must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion, and leave the rest to be presented at a second suit if the first fail." *Standard Steel Works Co.* v. *Williams,* 158 *Ga.* 434, 451 (124 S. E. 21). In such a case the plaintiff "must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." *Perry* v. *McLendon,* 62 *Ga.* 598, 605. See also *Conwell* v. *Neal,* 118 *Ga.* 624 (45 S. E. 910).

3. Under the preceding ruling it was error for the trial judge to strike the defendant's plea of res adjudicata. The plea may have been subject to special demurrer, but it should not have been stricken on motion of the plaintiff.

4. The error in striking the plea rendered the further proceedings in the case nugatory.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED FEBRUARY 10, 1933.

*W. M. Sapp, O. R. Hardin, S. R. Maddox, Maddox, Matthews & Owens,* for plaintiff in error.

*Mann & Mann, Mitchell & Mitchell,* contra.