34156. CRAWFORD *v.* BAKER *et al.*

DECIDED SEPTEMBER 26, 1952.

858

*McKenzie & Kaler,* for plaintiff in error.

*Barrett & Hayes, T. J. Long,* contra.

GARDNER, P. J. "A judgment of a court of competent juris-diction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. There is no dispute relative to the fact that the two actions involved were between the same parties and also that the decree in the equitable action was rendered by a court of competent jurisdiction. So the matter resolves itself into a determination whether the same subject matter was involved in the two proceedings and whether in the equitable proceeding the plaintiff put in issue, or, under the rules of law, could have put in issue all matters now involved. Each action was predicated entirely upon and grew out of the contract

between the plaintiff and J. E. Baker. In the first proceeding, which was an action in equity for injunctive relief, the plaintiff sought to prevent certain of the defendants from breaching the contract, which had already run sixty-six months and which had thirty-six months to run, and to prevent the defendant, The American Oil Company, from interfering with her contractual rights under this agreement by inducing and persuading the other defendants to breach the same by telling them that the agreement was invalid and was not enforceable, in order that the oil company might enter into a contract with these defendants. The plaintiff set up that if the defendants breached said contract she would suffer irreparable injury and damage. The proceeding resulted in a verdict and judgment in her favor. Immediately following the rendition of such verdict and judgment on December 15, 1950, the plaintiff did on December 18, 1950, file suit in the same court against the same parties on the same contract in which she sought compensatory and punitive damages, alleging that during the sixty-six months the contract had been in operation she had netted approximately $80 monthly and that during the ensuing thirty-six months the contract, had it been performed by the defendants, would have brought to her a profit of around $80 a month; that she was further entitled to punitive damages because of the malicious and aggravated circumstances involved.

The contract sued on had been held to be a valid and enforceable one, and if breached the plaintiff might well have proceeded in one action for injunctive relief and for damages. Under the law, the plaintiff was bound to do this. The law does not permit a splitting of the action seeking the enforcement of separate and distinct remedies. In *Conwell* v. *Neal*, 118 *Ga.* 624 (45 S. E. 910), it was held: " 'It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end of litigation if such a practice were permissible.' Stark ·v. Starr, 94 U. S.

485. . . In *Wilson* v. *Williams,* 115 *Ga.* 474, it was held that a judgment between the same parties is conclusive on all matters that were actually adjudicated in the case, or which could have been therein properly adjudicated." A decree in a court of equity is conclusive on all questions raised or which could have been raised, relating to the subject matter affected by the decree. *Claflin Co.* v. *DeVaughn,* 106 *Ga.* 282 (32 S. E. 108). But it is urged that the plaintiff could not have recovered compensatory and punitive damages in the proceeding for injunctive relief. In the case of *Swanson* v. *Kirby,* 98 *Ga.* 586, 593 (26 S. E. 71), the Supreme Court held: "We do not see why a prayer for the recovery of damages should affect the question of granting an injunction in a given case. Indeed, under the system of pleading which prevails in this State, no good reason occurs to us why a plaintiff may not recover damages which at the time of the bringing of his action had already accrued to him from a breach of the defendant's contract, and at the same time restrain the defendant from a further violation of the contract, if the facts are such as to entitle the plaintiff to relief of this nature." The reason for the rule announced above and appearing in our Code (§ 110-501) is clear. A litigant is not permitted to divide his case up into pieces and proceed in separate actions· for separate relief growing out of the same transaction. In *Gunn* v. *James,* 120 *Ga.* 482 (48 S. E. 148), the Supreme Court said: "Where an equitable petition was filed, praying for an injunction and the appointment of a receiver, and at the trial term a general demurrer was sustained and the petition dismissed, and thereafter the plaintiff filed another equitable petition, setting up the same cause of action but elaborating the details, and praying, besides the relief sought in the first, other and additional relief, a plea of res judicata, filed in bar of the second petition, should have been sustained." See also *McDonald Mortgage & Realty Co.* v. *Feingold,* 168 *Ga.* 763 (149 S. E. 132), in which it appeared that two actions were filed, one praying for an injunction and for rescission of a contract and the other for injunction, general relief and for damages. The Supreme Court in that case held: "The facts alleged in the first and second petitions are the same; the parties are the same. The first petition was dismissed on general demurrer, and to that judgment the plaintiff sued out a bill of

exceptions and brought the case here for review; and after a hearing the judgment of the court below was affirmed. . . The court should have refused the injunction for the reason that the matter was res adjudicata. While there was no specific prayer for damages in the first petition, the plaintiff relies upon the same facts as are set out in the present petition for relief. This additional prayer for damages might have been appropriately included in the other case. But the parties are the same, and the cause of action is the same. 'The dismissal on demurrer of a petition bars another action based on the same facts, if in sustaining the demurrer the court necessarily decided upon the merits of the cause; nor is a second suit in such case maintainable merely because the plaintiff prays therein not only for the relief originally sought but for other and further relief, the right to which, however, depends upon the identical allegations set forth in the first petition.' "

Of course, "Where the remedy at law is not as full, complete and adequate as it is in equity, this will not deprive equity of jurisdiction, although there may exist a common-law remedy." *Markham* v. *Huff*, 72 *Ga.* 882; *Hollingshead* v. *McKenzie*, 8 *Ga.* 457. However, no such situation is involved in the case sub judice. The first action was in equity and as we have seen, the plaintiff could have recovered the damages incurred in the equitable action. It is true that the plaintiff could not have obtained equitable relief in the nature of injunction in the second and present proceeding. We have carefully reviewed such decisions as *Georgia R. & Bkg. Co.* v. *Wright*, 124 *Ga.* 596 (53 S. E. 251), *Gillens* v. *Gillens*, 148 *Ga.* 631 (97 S. E. 669), and *Fortson* v. *Fortson*, 200 *Ga.* 116 (35 S. E. 2d, 896), cited by the plaintiff's able counsel, but do not find them controlling here.

In *Prisant* v. *Feingold*, 169 *Ga.* 864, 867 (151 S. E. 799), it will be noted that the case turned on the principle that res adjudicata should be raised by a special plea, which was not done in that case, but was done in the instant case. That case does not sustain the contentions of the plaintiff.

The case of *Linder* v. *Roland*, 122 *Ga.* 425 (50 S. E. 124), relied on by the plaintiff, is not applicable to the case under consideration. In that case the Supreme Court held that a judgment in an action in assumpsit was not a bar to a sub-

sequent ex delicto action between the same parties although some of the facts used in the former action were relied upon as a basis for the latter action. Here, the entire cause of action was based on the contract between the plaintiff and the defendant J. E. Baker, and upon its breach by the defendants, J. E. Baker, H. C. Posey and Fred J. Baker, and the conduct of The American Oil Company in seeking to have the contract breached and in maliciously stating that such contract was void and unenforceable. The first action, the equitable proceeding, sought injunctive relief against all the defendants. The second action, the action in tort, sought compensatory and punitive damages from all the defendants, such damages flowing from the contract as a result of the conduct of the defendants relative to the contract and its breach. The subject matter of the two actions was the contract and its performance. Therefore, the decree in the equitable action was clearly conclusive upon the parties to the case on all questions raised, or which could have been raised, relating to the subject matter to be affected by the decree, to wit the contract and its performance.

The plaintiff further insists that "The two suits are based on separate causes of action because the second suit seeks to recover for damages which had not accrued at the time the first suit was filed and could not have been included as damages in the first suit, even if damages had been prayed for." The plaintiff cites *Mulligan* v. *City Council of Augusta*, 115 *Ga.* 337 (41 S. E. 604), in support of the above. In that case the Supreme Court properly held that a former recovery against a city in a suit for damages sustained by the maintenance of a nuisance was no bar to a second action for damages *subsequently* arising from this same cause unless the damages in the first suit were *prospective* as well as damages already suffered. There is nothing contrary to our holding here in *Jones* v. *Lavender*, 55 *Ga.* 228, *Blun* v. *Holitzer*, 53 *Ga.* 82 and *Isaacs* v. *Davies*, 68 *Ga.* 169. It does not appear that the plaintiff is seeking to recover for damages arising from conduct transpiring subsequently to the first proceeding.

Neither the decision in *Woodland Hills Co.* v. *Coleman*, 73 *Ga. App.* 409 (36 S. E. 2d, 826) nor that in *Luke* v. *Dupree*, 158 *Ga.* 590 (124 S. E. 13) sustains the contention that the two proceed-

ings here are not based upon the same subject matter, to wit the contract and its performance. The defendants, by the introduction of the entire record in the proceedings in equity, including the verdict and decree, carried the burden and sustained their plea by showing that the equitable proceeding constituted an absolute bar to the present action at law for damages.

It follows that the trial court did not err in directing a verdict in favor of the defendants on their plea of res adjudicata, and that the trial judge properly overruled the plaintiff's motion for a new trial, assigning error thereon.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*