A91A0579. BRINSON v. FIRST AMERICAN BANK OF
GEORGIA et al.
(409 SE2d 50)

BEASLEY, Judge.

Brinson sued the First American Bank of Georgia and Crowe & Mann, the law firm representing the bank, in a collection action and two garnishments thereon. He appeals from the grant of summary judgment to defendants and "dismissal" of his complaint (which we take instead as an award of final judgment to defendants) and from the denial of his motion for partial summary judgment. His complaint alleged that the judgment and garnishments were against the wrong person, constituting trespass and interference with his property, conversion of his money, wrongful levy, and a violation by the law firm of the Fair Debt Collection Practices Act, 15 USCA § 1692. He sought recovery of $274.24 withheld by the law firm for garnishment expenses, unspecified amount for loss of use of garnished funds, $1,500 for attorney fees to have the garnishments lifted and for representation in personal bankruptcy, punitive damages to deter defendants and compensate him for wounded feelings (or alternatively for injury to his peace, happiness, and feelings), statutory damages and attorney fees under 15 USC § 1692k, and emotional damages. The complaint was amended in effect, prior to the hearing on the motions, with respect to the $274.24; he no longer sought its recovery but rather alleged trespass by the law firm for retaining that amount for "over 35 days" after the judgment supporting the garnishments had been set

aside.

The Visa account which was the subject of the underlying suit by the bank was opened by Billy E. Brinson in May of 1985. The account application showed Brinson residing at 375 Dartmouth Drive in the City of Atlanta. Brinson testified that although he used to live at that address, he did not live there at the time the events in this case took place. Nonetheless, he paid utility bills for this address, and the employer listed on the credit card application was General Motors, who is appellant's employer.

In May of 1987, the bank filed suit against Brinson in state court. No answer was filed, a default judgment was taken, and a fi. fa. was entered on the court's general execution docket.

The following month, Mann, as attorney for the bank, filed a garnishment action naming General Motors as the garnishee. At that point, Brinson telephoned Mann and left a message that he did not have a Visa account with the bank. Brinson filed a traverse to the garnishment. He did not file a motion to set aside the underlying judgment, the validity of which could not be contested in the garnishment proceeding. Between October of 1987 and April of 1988, the garnishee made payments totalling $1,288.99.

In March of 1988, a second garnishment action was filed by Mann on behalf of the bank. Brinson subsequently filed a motion to set aside the state court judgment, which was granted in July of 1988. Both Mann and the state court judge informed the clerk of state court that the judgment lien was to be expunged and the garnishment released. In August of 1988, Mann sent Brinson's attorney $771.59, and $1,490.37 was sent to counsel by the court clerk. Brinson later filed a bankruptcy petition listing 21 credit cards, which included Visa cards from various banks other than the bank in this case.

Brinson subsequently filed a pro se action against the bank in magistrate court, complaining that he had not been fully reimbursed for the funds collected in the garnishment proceedings and that the bank was liable to him in the amount of $1,056.04 principal and $102.80 interest. In its answer, the bank stated that all of the garnishment funds in the court registry and in the possession of counsel for the bank had been remitted to Brinson and his attorney. No later than October of 1988, Brinson met with Mann and told him that he had not received all of the money in the court registry. Mann made a telephone call to the clerk and ascertained that the clerk had inadvertently failed to release to Brinson $510.99 collected in the second garnishment proceeding. These funds were returned to Brinson by the court clerk in December of 1988.

After a hearing, the magistrate court entered an order stating that Brinson's complaint was "dismissed with/without prejudice (by reason of) 'Pf has been paid all money from garnishment.'" Mann

testified that Brinson told him that in his magistrate court action he was seeking attorney fees and damages for emotional distress, as well as the funds collected through garnishment and interest thereon. Brinson denies making such statement.

In December of 1989, Brinson filed the present complaint in state court.

The bank's and Mann's motion for summary judgment argued that Brinson's action in magistrate court barred the claims asserted in Count I under the doctrine of res judicata, OCGA § 9-12-40, and the Count II claim (Fair Debt Collection Practices Act) is barred by the act's one-year statute of limitation.

1. Citing *Linder v. Rowland*, 122 Ga. 425 (2) (50 SE 124) (1905), Brinson argues that his causes of action in state court and magistrate court are different, his magistrate court action being an ex contractu action for money had and received (previously known as an action in assumpsit) and the present action being ex delicto or in tort. This argument is without merit.

As recognized in *Crawford v. Baker*, 86 Ga. App. 855, 861-862 (72 SE2d 790) (1952), the Supreme Court in *Linder* "held that a judgment in an action in assumpsit was not a bar to a subsequent ex delicto action between the same parties although some of the facts used in the former action were relied upon as a basis for the latter action." However, prior to enactment of the CPA, and thus at the time *Linder* was decided, the joinder of ex delicto and ex contractu causes of action was generally prohibited. *Cohen v. Garland*, 119 Ga. App. 333 (3) (167 SE2d 599) (1969). Under the CPA's liberalized rules of pleadings, this is no longer the case. Id.; see OCGA § 9-11-8. Moreover, the court in *Crawford* found *Linder* to be distinguishable where the subject matter of an equitable action for injunctive relief and a subsequent tort action for damages was the same. As held in *Crawford*, "The law does not permit a splitting of the action seeking the enforcement of separate and distinct remedies. In *Conwell v. Neal*, 118 Ga. 624 (45 SE 910), it was held: ' "It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. . . ." ' " *Crawford*, supra at 859; accord *Madison, Ltd. v. Price*, 146 Ga. App. 837, 839 (1) (247 SE2d 523) (1978). This holding has been repeated in such cases as *Standard Steel Works Co. v. Williams*, 158 Ga. 434, 451 (1) (124 SE 21) (1924), and *Story v. Rivers*, 220 Ga. 232 (138 SE2d 304) (1964), postdating *Linder*.

This case differs from the recently decided case of *Lawson v.*

*Watkins*, 261 Ga. 147 (401 SE2d 719) (1991). Plaintiff Brinson has split his demand as to the same subject matter, i.e., defendants' allegedly wrongful garnishment of his money. In *Lawson* there were unrelated claims, i.e., those arising out of loans and those arising out of the racetrack ownership, so that Watkins was not foreclosed by res judicata from bringing two suits. Brinson is subject to the principle recognized in *Lawson*, that "a plaintiff must bring every claim for relief he has concerning the same subject matter in one lawsuit." Id. at 149-150 (2).

2. Under this holding, there is no merit in Brinson's argument that his magistrate court action is not res judicata as to his claim for damages for emotional distress, since such damages cannot be awarded in a contract action.

The magistrate court has jurisdiction over civil claims in which exclusive jurisdiction is not vested in the superior court. OCGA § 15-10-2 (5). Accordingly, this damage claim could have been asserted in magistrate court; for res judicata purposes it is a matter which under the rules of law could have been put in issue. E.g., *Helmuth v. Life Ins. Co. of Ga.*, 194 Ga. App. 685 (391 SE2d 412) (1990). If it is cognizable in state court, it would have been cognizable in magistrate court. By bringing the action in magistrate court, Brinson relinquished damage claims in excess of the magistrate court's jurisdictional amount. See *Jennings v. Stripling*, 127 Ga. 778 (1) (56 SE 1026) (1906); but cf. *Smith v. Pope*, 100 Ga. App. 369 (2) (111 SE2d 155) (1959).

3. Brinson argues that the judgment in magistrate court is not conclusive because it was not an adjudication on the merits. See *Hughes v. Cobb*, 195 Ga. 213, 230 (5) (23 SE2d 701) (1942); *Liner v. North*, 194 Ga. App. 175, 178 (1) (390 SE2d 263) (1990). This argument is without merit. Regardless of the terminology used, the magistrate court judgment states that Brinson's claim was rejected because all of the funds collected in the garnishment proceedings had been returned to him. This is an adjudication on the merits.

4. Brinson seeks to avoid the bar of res judicata as to his claims against Crowe & Mann by arguing that they are not in privity with the bank.

He cites *Gilmer v. Porterfield*, 233 Ga. 671, 674 (2) (212 SE2d 842) (1975), "Although a master has privity with his servant and can claim the benefit of an adjudication in favor of the servant, [cit.], a servant is not in privity with the master so as to be able to claim the benefit of an adjudication in favor of the master. [Cits.]"

However, in *McNeal v. Paine, Webber, Jackson & Curtis, Inc.*, 249 Ga. 662 (2) (293 SE2d 331) (1982), the Court held that this rule applies only in cases, such as *Gilmer*, where there are defenses which are available to the master but not available to the 'servant. Where

the master is sued under the doctrine of respondeat superior for actions of the servant within the scope of the servant's authority, and there are no defenses available to the master which are not available to the servant, the action adjudicating the master's liability is res judicata and bars a subsequent action against the servant.

Brinson seeks to avoid application of the *McNeal* rule by arguing that a $257.19 attorney fee was in the possession of Mann at the time the judgment underlying the garnishment proceedings was set aside. He contends that although he had a claim against Mann for this residual sum, he had no such claim against the bank. This argument also fails.

By the time the action in magistrate court had been commenced, all garnishment funds in the possession of either Mann or the bank had been released. Brinson has had no claim against Mann that could not be asserted against the bank, and the bank has had no defense which could not be asserted by Mann. The rule of *McNeal* therefore applies. See also *Medlin v. Carpenter*, 174 Ga. App. 50, 51 (2) (329 SE2d 159) (1985). ("A cause of action is barred by the doctrine of res judicata even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added.") Cf. *Nannis Terpening & Assoc. v. Mark Smith Constr. Co.*, 171 Ga. App. 111 (1) (318 SE2d 89) (1984).

The bank and Mann have carried their burden of proving their res judicata defense as to all of Count I at least. See generally *Boozer v. Higdon*, 252 Ga. 276 (1) (313 SE2d 100) (1984).

5. Brinson's claim under the Fair Debt Collection Practices Act is barred by the Act's one-year statute of limitation. 15 USC § 1692k (d). This action was filed by Brinson in December of 1989. Both the bank and Mann had refunded to him monies in their possession prior to October of 1988. Neither defendant is liable in tort for the $510.99 inadvertently retained by the court clerk and not returned to appellant until December of 1988. Compare *Hogan v. Maxey*, 121 Ga. App. 490 (2) (174 SE2d 208) (1970); *Atlantic Co. v. Farris*, 62 Ga. App. 212, 220 (6) (8 SE2d 665) (1940).

6. This being an action at law, Brinson is correct in his contention that the doctrine of laches is inapplicable. *Virgil v. Kapplin*, 187 Ga. App. 206 (4) (369 SE2d 808) (1988).

Inasmuch as the bank and Mann were entitled to summary judgment, the denial of partial summary judgment to Brinson as plaintiff was correct.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

Decided June 24, 1991 —
Reconsideration denied July 17, 1991.

*Ralph S. Goldberg*, for appellant.
*Schwall, Ruff & Goodman, Emory A. Schwall, Robert S. Wayne*, for appellees.