### 57304. McBRIDE v. CHILIVIS et al.

BANKE, Presiding Judge.

Agents from the State Department of Revenue raided a nightclub operated by the plaintiff-appellant and confiscated his supply of alcoholic beverages due to his alleged failure to comply with state revenue laws and

regulations governing the distribution of alcoholic beverages. He filed a suit for injunctive relief against Nick P. Chilivis, State of Georgia Revenue Commissioner, alleging that the seizure violated his constitutional rights and seeking the return of the property. The state filed a motion to dismiss, or in the alternative, for summary judgment, and attached several affidavits tending to establish the legality of the seizure. The trial court granted the motion upon consideration of the entire record. The plaintiff did not appeal. Instead, he filed the present action alleging the same facts but seeking damages rather than injunctive relief. The trial court dismissed this suit on the state's motion, and the plaintiff brought this appeal. *Held:*

Code § 110-501 provides as follows: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties *and their privies* as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein judgment was rendered, until such judgment shall be reversed or set aside." (Emphasis supplied.) The plaintiff contends that the parties in the two cases are different because the first suit was against "Nick P. Chilivis, State of Georgia Revenue Commissioner," and the present suit has an additional defendant, "W. E. Strickland, State of Georgia Revenue Commissioner," who is Chilivis' successor in office. This contention is wholly without merit. Strickland is alleged to have had no personal involvement in the transaction whatsoever. His sole connection in the case is as a privy to Chilivis, i.e., as successor to the latter's rights and obligations. Thus the claim against him is in no way different from the claim against Chilivis in his official capacity. See *Gamble v. Gamble,* 204 Ga. 82, 87 (48 SE2d 540) (1948).

The plaintiff also contends that the issues are different since he sought injunctive relief in the first case and damages in the present case. This contention is also without merit. The decisive issue in both cases is whether or not the seizure was lawful, and this issue was decided adversely to the plaintiff in the first case. Therefore, the second suit is barred by the doctrine of res judicata, as set forth above. See *Chilivis v. Dasher,* 236 Ga. 669 (225 SE2d

32) (1976). See also *Spence v. Erwin,* 200 Ga. 672 (3) (38 SE2d 394) (1946). Furthermore, "even if it can be said that the [second suit] asserts a different claim than the [first suit], it would also be barred by the final judgment in the [first suit] as the issues . . . are identical. Estoppel by judgment arises under these circumstances . . . (Cits.)" *Chilivis v. Dasher,* supra, at 671.

*Judgment affirmed. Underwood and Carley, JJ., concur.*

ARGUED FEBRUARY 6, 1979 — DECIDED APRIL 13, 1979.

*J. L. Jordan,* for appellant.

*Arthur K. Bolton, Attorney General, Linda R. Birrel, David A. Runnion, Assistant Attorneys General,* for appellee.