63578. CASWELL v. CASWELL et al.

BANKE, Judge.

This is an appeal from an order dismissing the plaintiff's complaint based on application of the doctrines of *res judicata* and collateral estoppel. The complaint was filed on March 19, 1980, and sought damages against the following defendants for a variety of alleged wrongs having to do with the operation of a corporation in which the plaintiff holds stock and was formerly a director: J. D. Caswell, Carl Caswell, Caswell Construction Company, Inc., Development Corporation of Georgia, Inc., Tucker Investment & Mortgage Company, Inc., Northeast Metro Construction Company, and Lenora V. Caswell. The plaintiff had previously filed a complaint against all of these same defendants, except the last three, but that complaint was dismissed with prejudice on January 3, 1980, as sanction for the plaintiff's repeated failure to comply with discovery procedures and orders. See *Caswell v. Caswell,* 157 Ga. App. 710 (278 SE2d 452) (1981). The plaintiff concedes that the instant suit raises many of the same claims as were asserted in the previous suit but urges that it is not barred by the doctrine of *res judicata* because some new factual allegations have been made, some new relief has been

requested, and the three new defendants have been added.

In its order dismissing the complaint, the trial court found as follows: "The cause of action contained in this present action is identical to that brought in the prior action. This can be ascertained from review of the pleadings in both cases. Although there is no doubt that the legal issues raised in both actions are identical, it is extremely clear that the factual basis of these two actions is identical from a comparison of the complaint in the present action and the untimely filed more definite statement and abortive pre-trial submissions in the prior action. The only significant difference between the action now before the court and the prior action which was dismissed is the addition of three new parties: Tucker Investment & Mortgage Company, Inc.; Northeast Metro Construction Company; and Lenora V. Caswell. The court finds as a matter of fact in comparing these two actions that the claims which the plaintiff attempts to raise are claims which were raised, or at least could have been raised in the prior action. Further, the court finds that the liability asserted against the new parties to this action is derivative of the liability which was asserted against the defendants who appear in both cases. The basis of plaintiff's lawsuit has been an attempt to establish that the Tucker Investment & Mortgage Co., Inc., and Northeast Metro Construction Company were intimately connected with the interests of the defendants J. D. and Carl Caswell and that they were used as devices by those defendants to harm the plaintiff. These facts are alleged in both complaints. The only difference is the addition of the two new corporate defendants to the new action and the addition of Lenora V. Caswell, whose alleged wrong is having voted with the defendants J. D. and Carl Caswell in regard to certain matters the plaintiff contends were harmful to his interest." *Held:*

Where a judgment has been rendered on the merits, the doctrine of *res judicata* may not be avoided merely by requesting different relief in a subsequent suit. See *McBride v. Chilivis,* 149 Ga. App. 603 (255 SE2d 80) (1979). Although three new defendants have been added in this action, their alleged liability is predicated on the same operative facts and acts of misconduct which were the subject of the original suit. What they are accused of, in effect, is complicity with the original defendants. "If a defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel. This is the rule in actions *ex delicto,* and the rule applies even though a judgment holding the other person culpable would not be conclusive as to the defendant." 46 AmJur2d Judgments § 565, pp. 726-727. See also 50 CJS

Judgments § 820 (c), pp. 384-385. The trial court was authorized to dismiss the complaint. See generally Code Ann. § 81A-141 (b); *Paul v. Bennett,* 241 Ga. 158 (244 SE2d 9) (1978); *City of Atlanta v. Schaffer,* 245 Ga. 164 (264 SE2d 6) (1980).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 8, 1982.

*Tom Pye,* for appellant.
*J. L. Edmondson,* for appellees.