63639. NATIONWIDE-PENNCRAFT, INC. v. ROYAL GLOBE INSURANCE COMPANY.

SHULMAN, Presiding Judge.

Prior to the instigation of the action from which this appeal arises, plaintiff-appellee Royal Globe Insurance Company (Royal Globe) obtained a default judgment in New York against appellant-defendant Nationwide-Penncraft, Inc. (Nationwide) based upon Nationwide's failure to pay premiums on four insurance contracts totaling $16,083. The policy numbers and dates of the terms were specifically set forth in the complaint. An action to domesticate the judgment was filed in Barrow County, Georgia, but the matter was settled between the parties and Nationwide fulfilled its obligations under the settlement agreement. Pursuant to that settlement, Nationwide proposed a written release "from any and all judgments, liabilities, claims, or demands now accrued or which hereafter accrue on account of any and all rights, claims, or causes of action, known or unknown, which Royal Globe may have against Nationwide from the beginning of time to this date based on any and all facts and matters which were alleged or which could have been alleged" in both the New York and Georgia actions. This was rejected

by Royal Globe, which then prepared a release, approved and accepted by Nationwide, limited to "any and all liabilities which were asserted in" the two suits.

Shortly thereafter, Royal Globe filed the instant suit against Nationwide for the alleged breach of a contract of workers' compensation insurance, policy number PCS 00 03 18, issued for a one-year term commencing on July 27, 1977. By applying the rates in the policy to Nationwide's payroll accounts as audited on October 18, 1978, the earned premium was calculated to be $22,683; but since Nationwide had paid a deposit of $6,731 at the inception of the policy, the total amount sought in the action was the difference of $15,952. Nationwide answered, denying liability and raising the affirmative defenses of release, accord and satisfaction, estoppel, and res judicata based on the previous litigation between the parties and contending that the action was further barred by Royal Globe's noncompliance with the requirements of the Insurance Code of Georgia (Code Ann. Ch. 56). After discovery and the submission of other evidence, both parties moved for summary judgment. The trial court granted Royal Globe's motion for summary judgment and denied Nationwide's motion, and Nationwide appeals from that order.

1. We do not agree with appellant that since the claim asserted here was or could have been put in issue in the prior litigation between these parties, it was barred by the release given in settlement thereof. This assertion is inexpediently premised upon the theory that because of the liberal nature of notice pleading under the Civil Practice Act, as interpreted by the Supreme Court in *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173), Royal Globe's pleadings in the Barrow County action encompassed all claims on any policy in which a cause of action had accrued prior to the close of the trial, thereby barring the instant suit under the terms of the release. Contrary to appellant's assertions, the record clearly reveals that the policy designated PSC 00 03 18 was not one of the four policies involved in the first suit. Nor does *Summer-Minter & Assoc.* require reversal. That case refers to multiple theories of recovery arising from one cause of action, enunciating the rule that it is the duty of each party at the hearing on a motion for summary judgment to present his case in full so that neither party will be allowed after judgment to bring in another theory of recovery which was "ascertainable" at the time of filing the original complaint. Id., p. 605. Here we are involved with individual contracts of insurance. Within the period of the appropriate contractual or statutory limitation, a separate suit could conceivably be brought on each contract, since each constitutes a cause of action rather than a theory of recovery. Even though the multiple claims might be permissively

joined pursuant to Code Ann. § 81A-118, the CPA does not force a party to judgment on all possible causes of action in one suit.

2. All of appellant's affirmative defenses were bottomed on the contention that policy number PCS 00 03 18 was in issue in the prior litigation. Since the release agreement was by its terms confined to the contracts of insurance sued on in that action, and since we have ruled that policy number PCS 00 03 18 was not included therein, the requirements for showing accord and satisfaction under Code Ann. § 20-1201 have not been met. For the same reason, there was no operation of the doctrine of estoppel, for "[e]stoppel by judgment occurs only when the issue determined in the prior proceeding is the same as that in the subsequent proceeding. [Cits.]" *Delta Air Lines v. Woods,* 137 Ga. App. 693 (1) (224 SE2d 763). Nor does the doctrine of res judicata apply: "Before a judgment in a former action will operate as res judicata it must appear that the former action was based on the *same cause of action . . .*" (Emphasis supplied.) *Spearman v. Jaudon,* 145 Ga. App. 136 (243 SE2d 90).

3. Appellant's argument that Royal Globe cannot recover the premiums due because the policy, in violation of Code Ann. § 114-607, fails to contain an agreement that the insurer will pay workers' compensation benefits to employees so entitled, regardless of any default by the employer, is not persuasive. The purpose of Code Ann. § 114-607 is not to invalidate the contract between an insured and an insurer for noncompliance, but to "estop an insurer from denying the existence of the employment relationship when a policy has been issued covering the claimant . . ." *Tindell v. Ins. Co. of N. America,* 151 Ga. App. 388 (1) (259 SE2d 746). In any event, it has long been established that "every policy for the insurance of the compensation provided for under the Workmen's Compensation Act, or against liability therefor, shall be deemed to be made subject to the provisions of said act (Code, § 114-608); and the provisions of the act as a matter of law become a part of the contract of insurance as if expressly incorporated therein." *Walker v. Bituminous Cas. Corp.,* 74 Ga. App. 517 (1) (40 SE2d 228). Royal Globe established that there existed no genuine issues of material fact and that it was entitled to judgment as a matter of law, and we find no reversible error for any reason asserted.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED MAY 26, 1982 —
REHEARING DENIED JUNE 14, 1982 —

*John J. Almond,* for appellant.

*Timothy Williams,* for appellee.