38932. NATIONWIDE-PENNCRAFT, INC. v. ROYAL GLOBE INSURANCE COMPANY.

ORDER OF COURT.

Upon consideration of the application for certiorari filed to review the judgment of the Court of Appeals in this case, it is ordered that the writ be hereby denied.

*All the Justices concur, except Hill, P. J., and Smith, J., who dissent.*

ORDERED JULY 9, 1982.

*John J. Almond,* for appellant.
*Timothy Williams,* for appellee.

HILL, Presiding Justice, dissenting.

I would grant the writ of certiorari in this case to dispose of Nationwide-Penncraft's contention that the interaction of Code Ann. § 81A-118 (a) and Code § 110-501 bars this action. *Nationwide-Penncraft, Inc. v. Royal Globe Insurance Co.,* 162 Ga. App. 555 (291 SE2d 760) (1982).

Royal Globe Insurance Co. obtained a judgment in New York against Nationwide-Penncraft, Inc., based upon Nationwide's failure to pay premiums on four insurance contracts. Royal Globe then filed suit in Georgia to domesticate the New York judgment. The Georgia suit was settled.

In agreeing to the settlement, Royal Globe refused to sign a broad release as to "any and all . . . liabilities, claims or demands now accrued or which hereafter accrue on account of any and all rights, claims, or causes of action, known or unknown, which Royal Globe may have against Nationwide from the beginning of time to this date based on any and all facts and matters which were alleged or which

could have been alleged. . . ." The parties agreed to a release limited to "any and all liabilities which were asserted in" the two suits.

Royal Globe then filed the instant suit to recover premiums on a workers' compensation insurance policy. Nationwide raised the defenses, among others, of release and res judicata. The Court of Appeals found that the workers' compensation policy was not one of the four policies involved in the earlier litigation and held that neither the release nor the bar of res judicata precluded Royal Globe from recovering in the instant action.

Accepting the Court of Appeals' determination that the workers' compensation policy was not involved in the earlier litigation, the release clearly does not bar this action. Nor does the doctrine of res judicata.

Code § 110-501 provides in pertinent part: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, *or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered. . . .*" (Emphasis supplied.) Nationwide-Penncraft argues that because Code Ann. § 81A-118 (a) provides for permissive joinder of unrelated claims, Code Ann. § 110-501 then operates to bar litigation of any claim not raised. But Code Ann. § 110-501 has long been construed as a classic statement of the principle of res judicata. It does not, therefore, bar subsequent litigation on a separate contract between the same parties even though the latter claim could have been joined as an independent claim in a prior suit.

Code Ann. § 110-501 was taken from *Watkins v. Lawton,* 69 Ga. 671 (1) (1882), where the court held: "A judgment is conclusive as to all matters put in issue, or which, under the rules of law, might have been put in issue, in a former suit between the same parties *concerning the same subject-matter* in a court of competent jurisdiction." (Emphasis supplied.) The word "cause" in Code Ann. § 110-501, supra, therefore should be read as meaning "cause of action," not "case."

Code Ann. § 81A-118 (a), as noted above, provides for *permissive* joinder: "A party asserting a claim to relief as an original claim . . . *may join,* either as independent, or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." (Emphasis supplied.) The clear implication of this provision is that a party asserting a claim to relief is not required to join independent claims he has against the opposing party.

Nationwide-Penncraft would have us construe the emphasized portion of Code Ann. § 110-501, supra, to include any claim which could have been raised under Code Ann. § 81A-118 (a), thereby

requiring compulsory joinder of unrelated claims — a result which would defeat the very purposes for which Code Ann. § 81A-118 (a) was enacted. This I would decline to do. *Watkins v. Lawton,* supra. Nevertheless, I would grant certiorari to limit Code Ann. § 110-501 to its proper scope rather than expand it to the limits arguably allowed by the CPA.