## 67134. R. F. PARKER CONTRACTING COMPANY, INC. v. CITY OF ATLANTA.

Quillian, Presiding Judge.

This is an appeal from grant of summary judgment to defendant-appellee City of Atlanta in an action to recover damages for breach of contract.

In May 1979 plaintiff-appellant R. F. Parker Contracting Company was the low bidder on a sewer construction project for appellee. Relying on indications that it would be awarded the contract, appellant incurred obligations and made commitments as if it had been awarded the contract. In July 1979, as the result of an assault on one of appellee's construction inspectors by appellant's president R. F. Parker (see *Continental Casualty Co. v. Parker,* 167 Ga. App. 859 (307 SE2d 744), appellee determined and informed appellant that it was not the lowest responsible bidder and did not award the contract to appellant. Appellant then commenced an action in Fulton Superior Court against appellee concerning the contract alleging damage and seeking injunctive relief. After hearing

the court in that case found as a fact that there was no formal or implied contract between the parties, but in the public interest of getting the sewer project completed, permanently enjoined appellee from interfering with the right of appellant to continue to work on the project according to its bid as if the contract for the project had been executed by the parties, or from awarding the contract to anyone else. This judgment was never appealed. The injunction was in effect abrogated by consent order in July 1982.

In April 1982, appellant commenced this suit against appellee for damages alleging breach of contract, express and implied, and promissory estoppel, all involving the same contract alleged as the basis for appellant's prior suit for injunction against appellee. The trial court granted appellee summary judgment on the grounds that the findings of the court in appellant's action for injunction that there was no contract, express or implied, were res judicata and acted as collateral estoppel (or estoppel by judgment) to the issue of whether there was a contract in the present case. *Held:*

The trial court's ruling is well supported by authority.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40 (Code Ann. § 110-501).

"The first action, the equitable proceeding, sought injunctive relief against all the defendants. The second action, the action in tort, sought compensatory and punitive damages from all the defendants, such damages flowing from the contract as a result of the conduct of the defendants relative to the contract and its breach. The subject matter of the two actions was the contract and its performance. Therefore, the decree in the equitable action was clearly conclusive upon the parties to the case on all questions raised, or which could have been raised, relating to the subject matter to be affected by the decree, to wit the contract and its performance." *Crawford v. Baker,* 86 Ga. App. 855, 862 (72 SE2d 790). Accord, *McBride v. Chilivis,* 149 Ga. App. 603 (255 SE2d 80).

Although appellant attacks each of the trial court's four conclusions of law individually, the argument is the same: That the court's judgment in the prior suit was interlocutory and not affirmed by the supreme court, and therefore factual findings had to be determined by a jury and those made by the court could not be used as a basis for res judicata or collateral estoppel in the present suit. It does not appear that this argument was raised below.

The appellant's citations of authority are inapposite and its

contentions without merit as we find that the grant of the permanent injunction in the first suit was not interlocutory.

Accordingly, there was no error in granting summary judgment to appellee.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 20, 1983.

*David Anderson Swift,* for appellant.

*David D. Blum, Pamela R. Simmons, Marva Jones Brooks,* for appellee.