## 67817. TROUP COUNTY ELECTRIC MEMBERSHIP CORPORATION v. TRAYLOR.

McMurray, Chief Judge.

In approximately April 1977, when the Troup County Electric Membership Corporation changed its practice of allowing its customers to read their own meters and began taking the meter readings itself, a large discrepancy was discovered between the meter readings reported by one of its customers, David Traylor, and the meter readings taken by one of its employees. Accordingly, the power company computed a bill based on the meter readings of its employee and sent it to Mr. Traylor for collection. Traylor failed to pay the bill and was notified that arrangements would have to be made to pay or else his electrical services would be discontinued. Shortly thereafter, the power company brought suit against Traylor in the Small Claims Court of Troup County for collection of the alleged debt. However,

before disposition of the suit, Traylor's electrical services were discontinued. In November 1982, by operation of the automatic five (5) year rule, the complaint against Traylor in the Troup County Small Claims Court was dismissed. Subsequently on April 28, 1983, plaintiff (Traylor) filed this action in either malicious abuse of process or malicious use of process against defendant (Troup County Electric Membership Corporation). From a denial of its motion for summary judgment, defendant appeals. *Held*:

Defendant enumerates as error the trial court's denial of its motion for summary judgment as to plaintiff's action based upon either malicious abuse of process or malicious use of process. Defendant contends that since plaintiff would be unable at trial to prove the essential elements of either of these tort actions, there is no genuine issue as to any material fact, and it is entitled to prevail as a matter of law.

As to plaintiff's cause of action based upon malicious abuse of process, we need not even analyze whether the essential elements of this tort action were met since the evidence clearly shows and, in fact, the plaintiff concedes that this action is barred by the applicable two year statute of limitation. See *Butler v. Cochran*, 121 Ga. App. 173, 174 (3) (173 SE2d 275). Accordingly, our focus shifts to plaintiff's cause of action based upon malicious use of process.

The essential elements of the tort of malicious use of process are (1) prosecution of a civil action with malice; (2) such prosecution was without probable cause; (3) a termination of the prosecution in favor of the defendant; and (4) the prosecution of the process caused: (a) arrest of the person; (b) a seizure of his property; or (c) other special damages. *Pair v. Southern Bell Tel. &c. Co.*, 149 Ga. App. 149 (253 SE2d 828); *Pugh v. Frank Jackson Lincoln-Mercury*, 165 Ga. App. 292 (300 SE2d 227). Plaintiff, in his complaint, alleged as damages attorney fees and expenses; emotional stress, humiliation and embarrassment; and family suffering. In his deposition, plaintiff alleged as damages loss of food and loss of time from work. For the following reasons none of the damages alleged here are recoverable. First, "[i]n a suit for malicious use of process, damages are not recoverable for embarrassment, mortification, humiliation, emotional upset, worry, anxiety, etc. [Cit.]" *Pair v. Southern Bell Tel. &c. Co.*, 149 Ga. App. 149, supra. Nor are they recoverable for attorney fees and other expenses of defending a lawsuit. See *Pugh v. Frank Jackson Lincoln-Mercury*, 165 Ga. App. 292, 293, supra. Furthermore, there is no evidence in the record to show that any of these alleged damages were caused by the prosecution of the process itself.

Moreover, the evidence shows that defendant's purpose for filing suit against plaintiff in September 1977 was for collection of what it considered to be a bona fide debt. In this regard plaintiff himself admitted that the purpose of the lawsuit was to collect the alleged debt.

In fact, plaintiff stated that the September 1977 suit was filed against him because as far as the electric company was concerned, plaintiff still owed it money. Accordingly, we find no want of probable cause as a matter of law. See *Darnell v. Shirley*, 31 Ga. App. 764, 765 (122 SE 252); *American Plan Corp. v. Beckham*, 125 Ga. App. 416, 417 (4) (188 SE2d 151); *Ayala v. Sherrer*, 135 Ga. App. 431, 434 (218 SE2d 84). Therefore, the trial court erred in its denial of defendant's motion for summary judgment as to plaintiff's action based upon either malicious abuse of process or malicious use of process.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1984.

*Allen C. Levi*, for appellant.
*Hoke J. Thomas, Jr.*, for appellee.