69378, 69379. MONROE v. LUBONIVIC et al.; and vice versa.
69380. ROBERTS v. MONROE.
(329 SE2d 583)

POPE, Judge.

These appeals come from an order of the trial court granting Roberts' motion to dismiss Monroe's complaint, which the court treated as a motion for summary judgment, and dismissing each of the defendants' counterclaims against Monroe. We will deal first with the trial court's order dismissing Monroe's complaint, and then turn to the cross-appeals regarding the counterclaims.

*Case No. 69378*

The trial court ruled that all of Monroe's claims against Roberts could have been raised in a prior suit in federal court, and that the doctrine of res judicata thus applied to bar the claims in the present suit. The previous federal litigation arose out of controversy involving a February 16, 1978 real estate escrow closing handled by Monroe. In the federal action, James T. Barnes Mortgage Company sued, among others, Monroe and Stacy A. P. Stewart, and Marilyn McAllister. Stewart and McAllister filed a cross-claim against Nicholas Lubonivic, Rebecca Watson and B. J. Roberts in regard to his potential liability to the plaintiff, James T. Barnes Mortgage Company. Eventually, Monroe won summary judgment against James T. Barnes Mortgage Company but was found to be liable to Stewart and McAllister on their cross-claim. Monroe moved the federal court to allow a realignment of parties to make Lubonivic, Watson and Roberts fourth-party defendants in regard to the claim of Stewart and McAllister. Noting the nearly two-year delay between the time of the filing of the cross-claim and the motion to amend the third-party complaint to seek indemnity or contribution from Lubonivic, Watson and Roberts on the Stewart and McAllister claim, the federal court denied the motion to amend and dismissed the third-party complaint against

Lubonivic, Watson and Roberts. Monroe then satisfied the judgment and brought the present action. "The doctrine of res judicata involves prior litigation by the same parties on the same subject matter in a court of competent jurisdiction as to all issues which were raised or *which could have been raised.* [OCGA § 9-12-40]; *Price v. Ga. Industrial Realty Co.*, 132 Ga. App. 107 (207 SE2d 556) (1974). Where state claims which 'could have been raised' in the federal litigation would have been pendent had they been presented to the federal court, this court, in applying its res judicata statute, will use the same rules that the federal court would have used in determining whether it would exercise pendent jurisdiction. If the federal court would have *retained* jurisdiction of the pendent state claims had they been raised, then a subsequent suit in state court would be *barred* by res judicata; if the federal court would have *refrained* from exercising its pendent jurisdiction over the state claims, then the subsequent suit in the state court would *not be barred* by res judicata." *Pope v. City of Atlanta*, 240 Ga. 177, 179 (240 SE2d 241) (1977).

In the present case, it is clear that the same subject matter and the same parties were involved in the previous federal litigation. It is clear that Monroe tried to raise the same issues he now urges, but that the federal court refused to hear them. It is also clear that the reason the federal court refused to hear the claims was primarily because Monroe had slept on his rights. The federal court noted that he had nearly two years in which he could have amended his pleadings to bring his claim against Lubonivic, Watson and Roberts, but that he had made no effort to do so until the eve of trial. The federal court refused to hear the claims not because it felt it would be improper to exercise its pendent jurisdiction on the merits, but because it reasoned that Monroe's tactics were dilatory. Monroe had not sought in a timely manner to bring the issues before the court, even though he should have been well aware that he had a potential claim against Lubonivic, Watson and Roberts. When the Stewart and McAllister cross-claim was filed against Monroe on November 6, 1978, he knew or should have known that he faced potential liability from two sources, the plaintiff and the cross-claimants. He had already filed his third-party complaint at that time and knew or should have known that he had a potential claim against Lubonivic, Watson and Roberts in regard to the cross-claim. A fair reading of the federal court's order shows that it would have exercised its pendent jurisdiction over the claim had it been raised in timely fashion. Therefore, the issues now before us could have been litigated in the previous suit under the rules of the law but for Monroe's failure to timely raise them. We hold that the trial court did not err in finding Monroe's action barred by the doctrine of res judicata. See also *Sewell Dairy Supply Co. v. Taylor*, 113 Ga. App. 729 (3) (149 SE2d 540) (1966), wherein a previ-

ous appeal in the case excepted to the overruling of a general demurrer, and while the general demurrer did not specifically raise the issue of the statute of limitation, appellant-defendant knew or should have known of the issue and could have incorporated it in the previous appeal in the exercise of ordinary diligence. Therefore, under the doctrine of res judicata, the issue could not be raised in a later appeal.

### Case Nos. 69379 and 69380

Lubonivic, Watson, and Roberts appeal the trial court's dismissal of their counterclaims against Monroe. The counterclaims alleged malicious use of legal process. The elements required to be shown in such an action are (1) malice, (2) want of probable cause, (3) termination of the prior proceeding in favor of the person bringing the action, and (4) the prosecution of the process caused an arrest of the person, a seizure of his property, or other special damages. *Troup County Elec. &c. Corp. v. Traylor*, 170 Ga. App. 121, 122 (316 SE2d 568) (1984). The record shows that each of the cross-appellants seeks damages for emotional distress, expenses and attorney fees. In Roberts' deposition, he testified these were the only damages he had. " '[I]n a suit for malicious use of process, damages are not recoverable for embarrassment, mortification, humiliation, emotional upset, worry, anxiety, etc. (Cit)' [Cit.] Nor are they recoverable for attorney fees and other expenses of defending a lawsuit. [Cit.]" *Troup County Elec. &c. Corp. v. Traylor*, supra at 122. The record shows notice to Roberts concerning the motion to dismiss. We hold that the trial court correctly dismissed Roberts' counterclaim under the authority of *Troup County Elec. &c. Corp.*, supra, since he had no damages which were recoverable on the cause of action stated.

A review of the record shows that no motion to dismiss was ever filed in regard to Lubonivic and Watson. A close reading of the court's order below shows that the court granted "Plaintiff's Motion to Dismiss *Defendant's* Counterclaim. . . ." (Emphasis supplied.) The trial court used the singular possessive. It is fair to assume that the court was referring only to the motion regarding Roberts. Thus, Lubonivic and Watson had no order entered against them, and, therefore, their cross-appeal must be dismissed. See generally *Bautz v. Best*, 170 Ga. App. 219 (4) (316 SE2d 589) (1984).

*Judgment affirmed in Case Nos. 69378 and 69380; appeal dismissed in Case No. 69379. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 13, 1985 —
REHEARING DENIED MARCH 27, 1985.

*Charles E. McCranie*, for Harvey Monroe.

*Peter J. Krebs*, for B. J. Roberts.

*James F. Stovall III*, for Rebecca Watson and Nicholas Lubonivic.