73285, 73286. WALKER v. KROGER COMPANY; and vice versa.
(353 SE2d 551)

DEEN, Presiding Judge.

The evidence shows that Walker entered a Kroger store on July 28, 1981, and became involved in some sort of dispute with a cashier as to the correct amount of change he was to receive. Burrell, a security guard, approached and after an exchange of words between the men Walker left. The following night, Walker returned to the store and was approached by Burrell who told him to leave the store because of the disturbance he had caused the previous evening. Walker demanded to see the manager and went to the manager's office. Burrell followed him, a confrontation between Walker and Burrell occurred, and the police were called. The police warned Walker not to return to the store or he would be arrested for criminal trespass. On August 17, 1981, Walker returned to the shopping center and parked his car near the Kroger store. Burrell saw Walker, approached his car, and ordered him to leave. Walker left. Later, Burrell made an affidavit to support an arrest warrant alleging that Walker committed a criminal trespass at the Kroger store. It was served the following day and Walker was arrested. Walker's case was heard and dismissed on August 28, 1981.

On February 1, 1982, Walker filed suit against Kroger in the Superior Court of Fulton County contending that he was falsely imprisoned when he was arrested on August 18, 1981, and sought damages in the amount of $25,000. On March 3, 1982, Kroger removed the case to the United States District Court for the Northern District of Georgia. The following April, Kroger deposed Walker and he described the events of July 28 and 29, 1981, as well as the events occurring on August 17 and 18, 1981. He testified that the July 28 incident was "the original incident which precipitated him [Burrell] even having the warrant taken out." Walker's counsel served interrogatories and requests for admission on Kroger and filed a motion for production of documents seeking information about events occurring on all four dates. On August 2, 1982, the parties submitted their first proposed consolidated pretrial order. After describing the events of July 28 and 29, 1981, in the outline of plaintiff's case, counsel stated: "On August 17, 1981, Mr. Walker went to Kroger to purchase some items . . . Mr. Burrell approached Mr. Walker's car, told him to move the car and physically threatened him . . . On August 18th Mr. Burrell made an affidavit upon which issued a warrant for Mr. Walker's arrest . . ." After the extended discovery period expired, the parties' counsel were

directed by the court to file a second proposed consolidated pretrial order on or before May 5, 1983. On May 4, however, Walker retained new counsel who filed an application for leave to amend his complaint. In this application, Walker sought to include claims for malicious use of process, abuse of process, malicious arrest and malicious prosecution. These additional claims are based on all the events occurring in July and August of 1981. In his application, Walker argued that these claims were being offered "as a supplement as opposed to an amendment . . . for the reason that the following offenses and that of the main cause of action, are but part and parcel of the same total set of facts heretobefore set in detail by the defendants." His application to amend was denied. In his second proposed consolidated pretrial order, Walker incorporated by reference the outline of his case as contained in the first proposed pretrial order and the additional claims made in his application. He also sought discovery as to events occurring on all four dates. On May 27, 1983, Walker filed a motion for reconsideration or leave to voluntarily dismiss together with a proposed amended complaint which set forth four counts: (1) assault (July 28, 1981); (2) assault and false imprisonment (July 29, 1981); (3) assault (August 17, 1981); (4) malicious prosecution (August 18, 1981). The court denied the motion for reconsideration holding that Walker's fifteen-month delay in seeking leave to amend would unnecessarily prejudice the defendant since the plaintiff was aware of all the operative facts and causes of action before he filed his original complaint and asserted no claim for them. Kroger then filed a motion for summary judgment which was granted. Walker did not appeal from that decision.

On July 27, 1983, Walker filed the instant action in the Superior Court of Fulton County. The complaint is identical to the proposed amended complaint that he sought to file in the federal action. Walker also submitted interrogatories, requests for admissions and requests for production of documents which are identical to the discovery he submitted in the federal case. In his deposition of January 27, 1984, Walker agreed with opposing counsel that the facts he complained of in his previous lawsuit were the same facts he was complaining about in the present one.

The court below granted partial summary judgment in favor of Kroger on Counts III and IV and Walker appeals. Kroger cross-appeals contending that the court below should have also granted summary judgment in its favor on Counts I and II. *Held*:

In his order denying Walker's motion for reconsideration or leave to dismiss without prejudice, Judge Freeman addresses the plaintiff's argument that if he is not permitted to amend his complaint, his causes of action in another lawsuit will be barred by the doctrine of res judicata, and acknowledges that a denial of Walker's motion could

result in substantial prejudice to him. He continues, however, to find: "[A]mendment need be permitted for such a reason only on a 'clear showing of prejudice.' [Cit.] In the instant case, if the plaintiff is denied leave to assert facts relating to claims based on the alleged incidents of July 28 and 29, this action would not be considered a 'prior action based on the same set of facts' for purposes of applying the doctrine of res judicata in a subsequent suit." The question thus raised is whether all of the causes of action asserted in the Fulton County suit were barred by the doctrine of res judicata.

The doctrine of res judicata prevents relitigation of those issues which were actually raised in the first suit and any and all claims which "under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. "A litigant is not permitted to divide his case up into pieces and proceed in separate actions for separate relief growing out of the same transaction." *Crawford v. Baker*, 86 Ga. App. 855, 860 (72 SE2d 790) (1952). Accord *Monroe v. Lubonivic*, 174 Ga. App. 191 (329 SE2d 583) (1985).

The record indicates that when Walker first filed suit in February of 1982, he was fully aware of all the events which gave rise to his claims against Kroger and filed his complaint based on those events. He lost that suit when summary judgment was granted to Kroger in federal court and he did not appeal from that decision. Now he seeks, in a second lawsuit in a state court, to use the same events and proceed on a different theory of recovery. As stated in *Monroe*, supra at 192, "it is clear that the same subject matter and the same parties were involved in the previous federal litigation. It is clear that Monroe tried to raise the same issues he now urges, but that the federal court refused to hear them. It is also clear that the reason the federal court refused to hear the claims was primarily because Monroe had slept on his rights . . . Therefore, the issues now before us could have been litigated in the previous suit under the rules of the law but for Monroe's failure to timely raise them. We hold that the trial court did not err in finding Monroe's action barred by the doctrine of res judicata."

Based on the above-quoted holding, we find that Walker's claim as to counts III and IV is barred by the doctrine of res judicata and that the trial court did not err in granting summary judgment in favor of Kroger. Case no. 73285 is therefore affirmed.

In addressing case no. 73286, the issue is whether the issues raised in counts I and II could have been raised in the first lawsuit. In determining whether these issues "were raised or could have been raised" under OCGA § 9-12-40, we find that this court has previously held that where the factual basis of the claims asserted in both actions is identical, the former action bars the second action. *Caswell v.*

*Caswell*, 162 Ga. App. 72 (290 SE2d 171) (1982).

In the instant case, Walker admitted that the facts underlying both complaints are the same. Where the second action merely involves new or different pleadings, the result is the same. *Booker v. Booker*, 107 Ga. App. 339 (130 SE2d 260) (1963). Accord *Conwell v. Neal*, 118 Ga. 624 (45 SE 910) (1903). Issues settled by a final judgment cannot be relitigated either directly or indirectly in other actions. *Georgia Farm Bldgs. v. Willard*, 165 Ga. App. 325 (299 SE2d 181) (1983).

We therefore find that Counts I and II of Walker's lawsuit are also barred by the doctrine of res judicata. By appellant's own admission, all of the events were so interrelated as to be considered a part of the same case. That portion of Judge Freeman's order which is set forth above is mere dicta and is not controlling on this court on the issue of res judicata as to the first two counts of the complaint. Accordingly, we find that the trial court erred in denying summary judgment to Kroger as to these two counts. Judgment is reversed in case no. 73286.

*Judgment affirmed in case no. 73285 and reversed in case no. 73286. Birdsong, C. J., Banke, P. J., Sognier and Beasley, JJ., concur. McMurray, P. J., Carley, Pope, and Benham, JJ., concur in part and dissent in part.*

BENHAM, Judge, concurring in part and dissenting in part.

I agree with the majority that the trial court correctly granted summary judgment to Kroger on Counts 3 and 4 of appellant Walker's complaint since the theories of recovery raised in those counts were or might have been put in issue in the cause of action actually raised in the federal court suit. However, because I do not believe the doctrine of res judicata bars appellant from asserting the allegations contained in Counts 1 and 2 of his complaint, I must dissent to the majority's reversal of the judgment in Case No. 73286.

The complaint in the case before us contains four counts in which appellant alleged that a Kroger security guard assaulted him on July 28, 1981 (Count 1); the same security guard allegedly falsely imprisoned him and committed an aggravated assault upon him on July 29, 1981, when appellant revisited the store (Count 2); the same security guard allegedly assaulted appellant on August 17, 1981, while appellant was in his automobile in the shopping center's parking lot (Count 3); and appellant was maliciously prosecuted by Kroger when, allegedly in response to an affidavit sworn out by the security guard, appellant was arrested at his home on August 18, 1981, and charged with criminal trespass (Count 4). In the earlier complaint, removed to federal court by cross-appellant Kroger, appellant had sought damages arising from his arrest on August 18 pursuant to a warrant issued upon the affidavit of the Kroger security guard. Fifteen months after

filing the action and after a change in counsel, appellant sought leave to amend his complaint to allege assault and malicious prosecution based on the August 18 incident and on his alleged encounters with the same security guard on July 28 and 29. The federal district court denied appellant's motion to amend, citing undue delay and prejudice to the nonmovant as reasons for denial.

In determining the applicability of res judicata to the case at bar, the majority queries whether the issues raised in Counts 1 and 2 could have been raised in the federal lawsuit and responds to the query by citing *Caswell v. Caswell*, 162 Ga. App. 72 (290 SE2d 171) (1982), and stating that where the factual basis of the claims asserted is identical, res judicata precludes the second lawsuit. In *Caswell*, the two causes of action were identical both legally and factually. The only significant difference was the addition of three new parties as defendants. This court concluded that the trial court properly dismissed the complaint since the liability of the new parties was dependent upon the culpability of the parties who had been adjudged not culpable in the earlier action. In the case at bar, the factual bases in Counts 1 and 2 are very different from that alleged in the federal complaint: while the security guard and appellant remain constants, the dates, sites, and torts alleged differ. It is true that the incidents of July 28 and 29 provide a history of appellant's relationship with the security guard that culminated in appellant's arrest in August; however, the earlier incidents are not factually or legally identical to the August allegations. Therefore, the issues of Counts 1 and 2 were not raised in the federal suit.

We must next turn to whether the principle of res judicata bars appellant from now raising the allegations of Counts 1 and 2 because they "might have been put in issue in the cause wherein the judgment was rendered. . . ." OCGA § 9-12-40. This case brings to the forefront the question Presiding Justice Hill wished to address in *Nationwide-Penncraft v. Royal Globe Ins. Co.*, 249 Ga. 687 (291 SE2d 760) (1982), and the question avoided by the Supreme Court in *Ga. Farm &c. Ins. Co. v. Musgrove*, 254 Ga. 333, 335 (328 SE2d 365) (1985): Whether res judicata bars a plaintiff from bringing as a separate cause of action a claim which the plaintiff could have permissively joined under OCGA § 9-11-18 in an earlier suit against the defendant. Each count in appellant's complaint states a separate cause of action; therefore, a separate suit could have conceivably been brought on each. While the multiple claims might have been permissively joined pursuant to OCGA § 9-11-18, the Civil Practice Act "does not force a party to judgment on all possible causes of action in one suit." *Nationwide-Penncraft v. Royal Globe Ins. Co.*, 162 Ga. App. 555 (1) (291 SE2d 760) (1982).

I agree with Presiding Justice Hill that the principle of res judi-

cata does not bar subsequent litigation on a separate cause of action arising between the same parties even though the latter claim could have been joined as an independent claim in the earlier suit. To construe OCGA § 9-12-40 to include any claim which could have been raised under the permissive joinder statute (as the majority impliedly does), turns *permissive* joinder into compulsory joinder of unrelated claims, thereby doing away with permissive joinder. See Presiding Justice Hill's dissent from the denial of certiorari in *Nationwide-Penncraft v. Royal Globe Ins. Co.*, 249 Ga. 687, supra. Because I believe that the principle of res judicata requires a party to adjudicate all possible *theories of recovery* within a cause of action (see *Massey v. Stephens*, 155 Ga. App. 243, 246-47 (270 SE2d 796) (1980)), and not all *causes of action* a plaintiff may have against a defendant (see *Nationwide-Penncraft v. Royal Globe Ins. Co.*, 162 Ga. App. 555, supra), I must dissent to the majority's reversal of the trial court in case no. 73286.

I am authorized to state that Presiding Judge McMurray, Judge Carley, and Judge Pope join in this opinion.

DECIDED JANUARY 21, 1987 —
REHEARING DENIED FEBRUARY 12, 1987 — 

*James Booker*, for appellant.
*Robert D. Burton, David B. Kitchens*, for appellee.