## 57514. COLE v. FROSTGATE WAREHOUSES, INC.

CARLEY, Judge.

In June of 1972 Frostgate leased a warehouse for a five-year term ending December 31, 1977, unless renewed prior to that date under a renewal clause contained in the lease agreement. The property was jointly owned and Miranda, one of the co-owners, did not sign the lease. On January 19, 1977, Frostgate's president notified Singletary, the co-owner designated under the lease as the one to whom all rentals be paid, that Frostgate was exercising its option to renew the lease for an additional five-year period. Thereafter, on October 14, 1977, Cole purchased the property and received a warranty deed reciting that the title was subject to Frostgate's lease ". . . and said lands are conveyed and said conveyance is accepted by the grantee subject to the terms of said lease agreement." A dispute arose between Cole and Frostgate over the lease and renewal, and Cole filed a suit seeking

declaratory judgment. Both parties moved for summary judgment, both motions were denied and the case was tried before a jury which returned a verdict in favor of Frostgate. Cole appeals and we reverse.

1. Cole urges on appeal that as a matter of law the lease agreement was not binding on him because it was not executed by all the co-owners; that being an instrument under seal, the agent Singletary could not bind the other co-owners; and that the trial judge erred in refusing to rule on this question of law. We are unable to consider this enumeration, however, because the issue was not preserved for appeal. Upon the denial of his motion for summary judgment, Cole failed to follow the interlocutory appeal procedure of Code Ann. § 6-701 (a) 2. And while he objected to the portion of the charge which directed the jury to assume that the lease was binding,[1] he did not move for a directed verdict at the close of the evidence. Therefore, this issue was never addressed by the trial court. "Where there is no final ruling upon an issue by the trial court, there is nothing for the appellate court to pass upon [Cit.] . . ." *Blakely & Son v. Humphreys,* 148 Ga. App. 281, 283 (1) (250 SE2d 826) (1978). Nevertheless, since we are reversing on another ground, we point out, in the event the issue of the validity of the lease is properly raised in further proceedings in the trial court, the Supreme Court decision of *Roberts v. Burnett,* 164 Ga. 64, 65 (137 SE 773) (1927), which holds in Headnotes 9, 10 and 11 as follows:

"9. Where one cotenant, without authority from his cotenants, executes a lease under seal for such cotenants,

---

[1]The offending instruction was as follows: ". . .despite the fact that only three of the four owners signed the original lease, under the undisputed testimony of J. S. Singletary and others who have testified, for the purpose of this lease you will consider that Cole acquired title to the leased property on October 14th, 1977, and that at such time Frostgate had a valid lease of such property and that Cole acquired such property subject to the terms of such lease. I direct that you accept those assumptions, despite the evidence that I pointed out to you."

the latter are not bound; and until they become bound, the contract signed by the other cotenant for them lacks the element of mutuality between them and the lessee, and the lessee's holding is to be considered as a tenancy at will. [Cits.]

"10. Ratification of such an instrument, to be binding upon the principal, must also be under seal, and can not be by words or conduct. [Cits.]

"11. Acceptance by the principal, for whom his cotenant assumed to act in executing such lease, of his proportionate share of the annual rent paid by the tenant at will, did not amount to a ratification by him of the lease instrument, especially when he notified the tenant that he would not be bound by the lease contract. Holding as a tenant at will, such payment of rent will be held as made by him in that capacity, and not in the capacity of a tenant for years."

See also *Friedman v. Goodman,* 222 Ga. 613, 617 (1) (151 SE2d 455) (1966); *Motor Aid, Inc. v. Ray,* 53 Ga. App. 772 (187 SE 120) (1936).

2. The trial court charged the jury that the issues to be decided were (1) whether Cole had a valid five-year offer to rent the warehouse and (2) whether he communicated that offer to Frostgate between October 14 and December 31, 1977. The court further instructed the jury that they must answer both questions "yes" in order to find for the plaintiff Cole, and that if they found the answer to either question to be "no," then they should find for the defendants. Cole contends that the trial court erred in not submitting these issues of fact to the jury in the form of interrogatories, and we agree.

Code Ann. § 110-1103 recites that "[w]hen a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, unless jury trial be waived, such issues shall be submitted to a jury of 12 in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not . . ." "The ordinary signification shall be applied to all words, except words of art, or words connected with a particular trade or subject-matter, when they shall have the signification attached to them by experts in such trade, or with

reference to such subject-matter." Code Ann. § 102-102. ". . . [I]n its ordinary signification 'shall' is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission." *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541) (1912). In applying the rules of statutory construction to the above recited portions of the declaratory judgment statute, it is indeed significant that the requirement of submission of interrogatories is emphasized by the addition of the words "whether a general verdict be required or not." This leaves little doubt that the legislature did not intend as permissive the special procedure it prescribed. Accordingly, we hold that the submission of interrogatories is mandatory in declaratory judgment actions and direct that this procedure be followed upon retrial. See also *State of Ga. v. Brantley,* 147 Ga. App. 569 (249 SE2d 365) (1978).

3. Remaining enumerated errors relating to alleged improper jury instructions are unlikely to recur upon retrial and, in any event, were sound abstract principles of law which were adjusted to the evidence presented in the instant trial.

*Judgment reversed. Banke, Acting P. J., and Underwood, J., concur.*

Submitted April 9, 1979 — Decided May 17, 1979 — Rehearing denied June 19, 1979 —

*Short & Fowler, William C. McCalley,* for appellant. *Wingate & Bartlett, Fred E. Bartlett, Jr.,* for appellee.