## 59270. MASSEY et al. v. STEPHENS.

CARLEY, Judge.

Appellants, the Masseys, purchased a mobile home from appellee, Stephens. The Masseys subsequently instituted suit against Stephens alleging the breach of implied warranties in connection with the sale. Thereafter, the Masseys amended their complaint to include two other counts against Stephens. The first count added by amendment alleged a violation of the Federal Truth-In-Lending Act (TILA) occurred in the financing of their purchase of the trailer. The second amendment alleged a violation of the Motor Vehicle Sales Finance Act (MVSFA), Code Ann. § 96-1001 et seq. After discovery Stephens moved for summary judgment on all three counts. The trial court granted the motion on the TILA and the MVSFA counts but denied the motion as to the breach of warranty count. The Masseys appeal this grant of partial summary judgment to Stephens.

1. The evidence relevant to the count predicated on TILA violations, construing it most favorably for the Masseys as the non-moving parties, is as follows: The Masseys went to Stephens' place of business seeking a mobile home and were shown one which

they eventually decided to purchase. Stephens told the Masseys he could arrange financing for them to buy the mobile home. The Masseys imparted the necessary information to Stephens who told them to go to the Bank of Dade and that the papers would be ready. They did so and there signed a note payable to the Bank of Dade secured by the mobile home and by a deed to secure debt on approximately one acre of land. Stephens cosigned the note as he had apparently done on the notes of some of his previous customers. Stephens received the proceeds of the loan as the purchase price of the mobile home. The Masseys subsequently brought suit against the Bank of Dade in federal court alleging TILA violations based upon failure to disclose as required by the TILA in connection with the financing of their mobile home. The Masseys thereafter executed a settlement agreement of their TILA action against the Bank which stated, in part: "[S]aid settlement amount is, in addition to all other considerations, accepted by [the Masseys] as consideration for their covenant to waive and not to enforce any rights which they might have to rescind any portion of the transaction . . . that by accepting the money paid pursuant to this release, that they now and forever forego all rights and claims against Bank of Dade in connection with the note dated August 7, 1976, any security documents executed in connection with said note, and particularly any claims under the [TILA]." On the same date that the settlement agreement was signed, January 5, 1978, the Masseys voluntarily dismissed with prejudice their TILA action against the Bank.

Thereafter, on February 2, 1978, the Masseys filed their original breach of warranty action against Stephens. On July 6, 1978, the Masseys apparently sent a rescission letter to Stephens pursuant to § 125 of the TILA (15 USCA § 1635): "[I]n the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction . . . When an obligor exercises his right to rescind . . . he is not liable for any finance or other charge, and any security interest given by the obligor becomes void upon such rescission." When Stephens failed to respond to the Masseys' rescission letter within ten days, they amended their complaint to include the TILA count. They alleged that with respect to the financing of their mobile home Stephens was a "creditor" within the meaning of 15 USCA § 1602 (f) and § 226.2 (h) and (s) of Regulation Z in that, under the facts surrounding the loan obtained from the Bank of Dade, he "arranged" for the extension of credit. They alleged that Stephens had not made the disclosures required of a creditor under the TILA. It was also alleged that they had sent Stephens a rescission

letter and that he had failed to respond. The Masseys then asserted that Stephens' failure to respond to the rescission letter and to take the necessary action under 15 USCA § 1635 (b) was a violation of the TILA for which the statutory penalty could be recovered. They sought enforcement of the rescission provisions of 15 USCA § 1635 (b) against Stephens and recovery of the penalty under 15 USCA § 1640.

This case apparently presents an issue of first impression under the TILA. Exhaustive research by the parties and by this court has revealed no case involving the exact circumstances which here exist. In resolution of the issue we are prepared to assume that Stephens has not met his burden on summary judgment of demonstrating under the evidence that he is not a joint "creditor" with regard to the transaction. See, e.g., Hinkle v. Rock Springs Nat. Bank, 538 F2d 295 (10th Cir. 1976). This means that Stephens may be jointly but not separately liable under the TILA for failure to make the necessary disclosures. "[H]olding creditors separately liable on a single consumer credit transaction appears inconsistent with the general purposes of the Act and mandated by neither the statutory language nor practical considerations . . . ." Mirabal v. General Motors Acceptance Corp., 537 F2d 871, 881 (7th Cir. 1976). Thus, the unique question presented is whether one may proceed to satisfaction under 15 USCA § 1640 against one "joint" creditor for failure to make disclosures under the TILA and then proceed against the other joint creditor for rescission under 15 USCA § 1635 for failure to make the disclosures in the same transaction.

"[I]n the case of any consumer credit transaction in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part . . . " 15 USCA § 1635 (a). The rescission remedy is not mutually exclusive of the recovery of statutory penalties under 15 USCA § 1640, so that if a transaction qualifies under 15 USCA § 1635 (a security interest is or will be retained or acquired in the debtor's residence) and suit is brought against the creditor within one year for the failure to make disclosures (15 USCA § 1640 (e)), both penalties and rescission are permissible remedies. Sellers v. Wollman, 510 F2d 119 (5th Cir. 1975). Or, if the one year statute of limitation has run on recovery of penalties, the nondisclosures may be asserted against the creditor within three

years from the transaction as the basis for rescission. 15 USCA § 1635 (f). We see no reason why these rules should not likewise attach when, as here, there are possible "joint" creditors with regard to the underlying transaction. Thus, had the Masseys joined Stephens as a defendant in their original TILA action against the Bank they could have sought to establish there his joint liability for the failure to disclose and also have pursued their rescission remedy against both "joint" creditors. Meyers v. Clearview Dodge Sales, Inc., 539 F2d 511 (5th Cir. 1976); Sosa v. Fite, 498 F2d 114 (5th Cir. 1974). However, the Masseys did not choose to proceed against both "joint" creditors. They proceeded to satisfaction first against the Bank for penalties under 15 USCA § 1640. Now, alleging that Stephens is a "joint" creditor, the Masseys seek to proceed against him for rescission based upon his failure to disclose in the same transaction. Stephens and the Bank of Dade are jointly and not separately liable for the nondisclosures which form the basis not only for a claim for penalties but also for the invocation of the rescission remedy. Therefore, the situation is analogous to that where there is but one creditor in the underlying transaction and the obligor first proceeds to satisfaction against the single creditor for his failure to disclose by recovering the statutory penalties under 15 USCA § 1640 and then later brings suit against the creditor under 15 USCA § 1635 for rescission of the transaction, predicated upon the failure to disclose in the same transaction. We know of no case in which one has successfully asserted the failure to disclose against a creditor as the basis for recovery of penalties and then subsequently, in another separate action, asserted the nondisclosures as the basis for rescission. It is our opinion that such a subsequent suit would be barred in this state.

The failure to make disclosures was but one "joint but not separate" wrong by the Bank and Stephens, giving rise to two remedies, penalties and recission. In their original TILA action in federal court the Masseys sought only the penalties remedy under 15 USCA § 1640 for the nondisclosures. After the voluntary dismissal with prejudice of that action, a subsequent suit by them in this state against the Bank to enforce the rescission remedy for nondisclosure—which, as the Masseys concede, might have been asserted by them in the original suit—would be barred by res judicata. *Hamlin v. Johns,* 41 Ga. App. 91 (151 SE 815) (1929); *Crawford v. Baker,* 86 Ga. App. 855 (72 SE2d 790) (1952). "Generally a single cause of action with several elements of damage admits of but one action, where there is an identity of subject-matter and of parties." *Seaboard Air-Line R. v. Insurance Co. of N. A.,* 18 Ga. App. 341 (2) (89 SE 438) (1916). "A plaintiff is not permitted to split his single cause of action to seek in successive litigation the enforcement

of first one remedy . . . and then a second . . ." *Madison Ltd. v. Price,* 146 Ga. App. 837, 839 (247 SE2d 523) (1978). Likewise, the voluntary dismissal with prejudice of the suit for penalties as to the Bank merged the Masseys' entire cause of action, including the rescission remedy, for the nondisclosures and bars any subsequent suit in this state against Stephens for his "joint and not separate" liability for failure to make the disclosures in the same transaction. Cf. *Almand v. Hathcock,* 140 Ga. 26 (78 SE 345) (1913); *Scarborough & Co. v. Yarborough,* 13 Ga. App. 792 (79 SE 1131) (1913). Therefore, we hold that Stephens has pierced the TILA count for rescission against him and that it was not error to grant summary judgment.

2. We turn now to the grant of summary judgment to Stephens on the Masseys' MVSFA claim. We find the Act inapplicable and affirm the grant of summary judgment on this count.

Code Ann. § 96-1003 establishes requirements and prohibitions as to "retail installment contracts." A "retail installment contract" is an instrument or instruments creating a purchase money security interest. Code Ann. § 96-1002 (a) (5). The record in the instant case demonstrates that the actual sale of the mobile home was not a "retail installment transaction" whereby Stephens, as seller, furnished the financing and took or retained a purchase money security interest in the mobile home. Stephens sold it to the Masseys for a "cash sales price" (see Code Ann. § 96-1002 (a) (6)) and the Bank of Dade financed the loan for the "cash sales price" the proceeds of which were then paid to Stephens. The bank, not Stephens, had a purchase money security interest in the mobile home. Code Ann. § 109A-9—107 (b). Stephens, who sold the mobile home, did not have a security interest within the terms of Code Ann. § 109A-9—107 (a). Arguments that Stephens had such a security interest during the interim between the time the Masseys paid a down payment and were given possession of the trailer and the date of the execution of the note to the Bank are unpersuasive. Whatever interest Stephens had in the trailer during this period he was unpaid but out of possession it was not a purchase money security interest. Cf. National Ropes, Inc. v. National Diving Service, Inc., 513 F2d 53 (5th Cir. 1975). Therefore, since Stephens did not sell the mobile home to the Masseys pursuant to a "retail installment contract" the provisions of Code Ann. § 96-1003 are inapplicable. There was no error in granting Stephens summary judgment as to the MVSFA count.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted January 9, 1980 — Decided April 9, 1980 — Rehearings denied June 11, 1980 and June 25, 1980 —

*Kendric E. Smith, John Reimer,* for appellants.
*Robert J. Harris,* for appellee.