### 69822. JOHNSON v. ELLIS.
(331 SE2d 884)

SOGNIER, Judge.
Nell G. Ellis applied for medical assistance benefits (Medicaid) with the Georgia Department of Medical Assistance (Department). The Department denied Ellis' application and that decision was affirmed following a hearing and final administrative review. Ellis appealed the Department's denial of her application to the superior court which reversed the administrative decision. We granted this discretionary appeal by Aaron J. Johnson, Commissioner of the Department.

In February 1982 appellee moved from her home in Knoxville, Tennessee to live with her son in Decatur, Georgia because of her deteriorating health. Her Knoxville house was put on the market in April 1982, sold in December 1982, and the proceeds distributed as gifts to her granddaughters. In February 1983 appellee entered a nursing home on her physician's advice.

1. Appellant contends the superior court erred by reversing the Department's decision to deny benefits to appellee because that deci-

sion was supported by the record under the "any evidence" standard.

The Department found that appellee was not eligible for medical assistance payments because her resources exceeded the $1,500 limitation for eligibility imposed on institutionalized applicants such as appellee. The Department considered as part of appellee's resources proceeds from the sale of the house which appellee contended she had distributed as gifts to her grandchildren several months prior to her application. In reaching its decision, the Department applied the presumption, codified in 42 USC § 1382b (c) (1); 20 CFR 416.1246 (e), that a resource given away or sold for less than fair market value within twenty-four months of the date of the application for benefits was transferred for the purposes of establishing eligibility. The burden is on the applicant to rebut this presumption, 20 CFR 416.1246 (e), and unless he does so by "convincing evidence" that the transaction was "exclusively" for some purpose other than establishing eligibility for benefits, the uncompensated value of the assets are counted as the applicant's. 42 USC § 1382b (c) (2); 20 CFR 416.1246 (a).

Appellee offered evidence showing that the family had always intended that the house be left to the grandchildren following the death of appellee and her husband, and that appellee had not planned to enter a nursing home at the time she distributed the proceeds from the sale of her house, but had done so on her physician's subsequent advice.

The Department, as trier of fact, considered the above evidence, weighed the evidence in light of the presumption in 42 USC § 1382b (c) (1) and found that appellee had failed to present *convincing* evidence rebutting the presumption that the gifts were made "exclusively" for some purpose other than establishing eligibility. On appeal, the superior court was required to determine only whether there was "any evidence" that appellee had not presented "convincing evidence" to rebut the Department's presumption. In view of appellee's declining health at the time of the sale of the house and distribution of the proceeds, there was at least some evidence to support the Department's decision. See 20 CFR § 416.1246 (e). "The superior court judge cannot substitute his judgment for that of the department as to the weight of the evidence on questions of fact." *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616, 618 (1) (211 SE2d 635) (1974); OCGA § 50-13-19 (h) (5). Therefore, the superior court erred by reversing the Department's decision that appellee was ineligible for medical assistance benefits.

2. Although we need not consider appellee's argument made for the first time on appeal that the final Department decision was based on an incorrect standard, see *Shanco Intl. v. Digital Controls,* 169 Ga. App. 184, 188 (4) (3) (312 SE2d 150) (1983), nevertheless, we note that a review of that Department's decision shows the hearing officer

applied the correct standard and found that appellee had not presented convincing evidence to rebut the presumption against her. Therefore, we find no merit in this enumeration.

*Judgment reversed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MAY 24, 1985.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Vivian Davidson Egan, Assistant Attorney General,* for appellant.

*R. Hopkins Kidd,* for appellee.