## A89A1889. JOHNSON v. LLEWELLYN.

(390 SE2d 94)

CARLEY, Chief Judge.

This appeal concerns the eligibility of appellee-applicant for medical assistance benefits from the Georgia Department of Medical Assistance (Department) under the following circumstances: After appellee moved in with her daughter, she sold her own home. Appellee financed the sale, taking back a promissory note and security deed. She then filed for divorce. A subsequent examination of appellee at the Monroe County Counselling Center disclosed the probability that she would need nursing home placement in the near future, and her daughter was informed of this. Shortly thereafter, appellee assigned to her daughter the promissory note and security deed and she then entered a nursing home. Appellee's application for benefits from the Department was denied and she appealed this administrative decision to the superior court. The superior court reversed and appellant-Commissioner of the Department applied to this court for a discretionary appeal pursuant to OCGA § 5-6-35. This appeal results from the grant of that application.

There was, under the above stated circumstances, a presumption that the assignment of the promissory note and security deed to appellee's daughter was for the purpose of establishing eligibility for benefits from the Department. See *Johnson v. Ellis*, 174 Ga. App. 861 (1) (331 SE2d 884) (1985). "The burden [was] on [appellee] to rebut this presumption, [cit.], and unless [she did] so by 'convincing evidence' that the transaction was 'exclusively' for some purpose other than establishing eligibility for benefits, the uncompensated value of the assets are counted as [hers]. [Cits.]" *Johnson v. Ellis*, supra at 862 (1).

The superior court found that the assignment had been made in connection with appellee's divorce, rather than to establish her eligibility for benefits. However, the superior court was not authorized to weigh the evidence and to substitute its judgment on questions of fact for that of the Department. The record clearly shows that the Department "weighed the evidence in light of the [applicable] presumption . . . and found that appellee had failed to present *convincing* evidence rebutting the presumption. . . . On appeal, the superior court was required to determine only whether there was 'any evidence' that appellee had not presented 'convincing evidence' to rebut the Department's presumption. In view of appellee's declining health [and the timing of the assignment which was several months after the sale of the home but only several weeks after the probability of appellee's need for nursing home placement was discovered], there was at least some evidence to support the Department's decision. [Cit.]. . . . Therefore, the superior court erred by reversing the Department's de-

cision that appellee was ineligible for medical assistance benefits." (Emphasis in original.) *Johnson v. Ellis*, supra at 862 (1).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 8, 1990.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Stephanie B. Manis, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General*, for appellant.

*C. Robert Melton*, for appellee.