## A90A1787. DEPARTMENT OF MEDICAL ASSISTANCE v. LLEWELLYN.
### (398 SE2d 256)

DEEN, Presiding Judge.

Appellee Llewellyn applied for medical assistance benefits. The Department of Medical Assistance ("Department") determined that appellee had transferred certain assets for less than fair market value and, further, that she had not rebutted the presumption that the transfer was made for the purpose of establishing eligibility for benefits. Her application was denied, and she requested and received administrative review of this decision before an administrative hearing officer.

The Department filed its final decision in January 1988, and appellee sought judicial review in the Monroe County Superior Court. Upon that court's reversal of the Department's determination that appellee Llewellyn was ineligible for benefits, the Department applied for an appeal to this court, which granted the application and reversed the decision below, holding that the superior court had not applied the proper standard of review. *Johnson v. Llewellyn*, 194 Ga. App. 186 (390 SE2d 94) (1990). After filing of the remittitur in the Monroe County Superior Court, the Department moved for costs pursuant to OCGA § 5-6-5, attaching bills and other evidence of costs paid in conjunction with the appeal. The superior court denied the motion, reciting that it was untimely because it was filed after the adoption of the remittitur. The Department now files this direct appeal, assigning error to (1) the trial court's non-compliance with the allegedly mandatory language of OCGA § 5-6-5 and (2) the trial court's ruling that the motion, to be timely, should have been filed prior to the adoption of the remittitur. *Held*:

1. OCGA § 5-6-5 provides as follows: "If there is a judgment of reversal, the appellant shall be entitled to a judgment for the amount of the costs in the appellate court against the appellee as soon as the remittitur is returned to the court below." Both parties focus on the word "shall" in this statute, appellant contending that the word is mandatory in effect and appellee arguing that it merely denotes simple futurity. This court has generally held that, unless the context clearly indicates otherwise, the word "shall" is to be read as a word of command. See, e.g., *Tate v. Burns*, 172 Ga. App. 688 (324 SE2d 485) (1984); *Cole v. Frostgate Warehouses*, 150 Ga. App. 320 (257 SE2d 309) (1979). Appellee acknowledges the holdings in such cases but nevertheless contends that the matter of costs is discretionary and that the meaning of "shall" depends on any modifying phraseology that may appear in the context. In support of this contention he relies on the clause of OCGA § 9-11-54 (d) which provides that "costs shall be allowed as a matter of course to the prevailing party *unless the*

*court otherwise directs.*" (Emphasis supplied by appellee.) It is well settled, however, that the controlling statute here is OCGA § 5-6-5, not OCGA § 9-11-54. *Barnett v. Thomas*, 129 Ga. App. 583 (200 SE2d 327) (1973); disapproved on other grounds 232 Ga. 92 (205 SE2d 293) (1974).

Even if, *arguendo*, we were to pretermit the parsing of the word "shall," it would be more fruitful in the instant case to focus on the word "entitled" in OCGA § 5-6-5 rather than on "shall." As appellee notes, Black's Law Dictionary (4th ed., p. 626) defines "entitle" as "[t]o qualify for; to furnish with proper grounds for seeking or claiming." Black's further defines the term as "to give a right or title." It is the concept of "entitlement" that is controlling here. The issue of whether the prevailing party has the right to obtain costs has already been settled in his favor: that party has *already* qualified for costs; it is simply a matter of asking for them once ("as soon as") the remittitur "is returned to the court below." The statute expressly sets the return of the remittitur as the *earliest* point in time (the terminus a quo) at which the entitlement takes effect — or at which the prevailing party may assert its claim; it is silent as to the terminus ad quem — that is, the latest point in time to which the entitlement extends. In situations where no time is specified for the accomplishment of a given act, either by statute or by contract, the court routinely presumes "a reasonable time." See OCGA §§ 1-3-3 (5); 13-4-20; *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218 (308 SE2d 564) (1983); *Parker v. Futures Unlimited*, 157 Ga. App. 520 (278 SE2d 99) (1981).

In the instant case the record shows that the remittitur was sent to the trial court on January 31, 1990; that it was filed there on February 2 and judgment entered on February 19; and that the motion for costs was transmitted by the Department on February 20 and filed on February 22. In the circumstances of the instant case the rational person must surely find due diligence and regard this interval as "a reasonable time." Moreover, appellee has not alleged in what way, if any, a few days' delay in being asked to turn over to the Department the sum of approximately $300 in costs was detrimental to her. The trial court erred in its reading of OCGA § 5-6-5 and in denying the motion whereby appellant asserted its rightful claim to costs.

2. Our holding in Division 1, supra, incorporates and therefore renders moot appellant's second enumeration of error.

*Judgment reversed. Pope and Beasley, JJ., concur.*

Decided October 10, 1990.

*Michael J. Bowers, Attorney General, William C. Joy, William*

*M. Droze, Senior Assistant Attorneys General*, for appellant.
*C. Robert Melton*, for appellee.