### A04A2227. PONSE v. ATLANTA CASUALTY COMPANY.
(605 SE2d 826)

ELDRIDGE, Judge.

Appellant-plaintiff-permissive insured Ebodio Ponse was involved in an automobile accident in which Crystal Wilson, the driver of the other vehicle, was injured. Wilson sued Ponse and obtained a default judgment in the amount of $163,554.45. Thereafter, Ponse brought the instant action against appellee-defendant Atlanta Casualty Company alleging negligent and bad faith failure to settle within his policy limits of $15,000, negligent and bad faith failure to defend in an action following an automobile accident, and punitive damages for conscious indifference and fraud. In the first appearance of this case before this Court, the parties appealed from the Gwinnett County State Court's denial of Ponse's motion for partial summary judgment and its grant of summary judgment to Atlanta Casualty. Finding genuine issues of material fact remaining, we affirmed the denial of partial summary judgment to Ponse as to Atlanta Casualty's defenses to coverage (fraud and/or breach of continuing duty to disclose, failure to notice insurer, and failure to cooperate with insurer), and reversed the grant of summary judgment to Atlanta Casualty upon the foregoing defenses as well as the issues of its bad faith and liability for punitive damages. *Ponse v. Atlanta Cas. Co.,* 254 Ga. App. 641, 645 (563 SE2d 499) (2002) (*"Ponse I"*). A jury trial followed our remittitur of the case to the state court, at the conclusion of which the jury returned a general verdict for Ponse in the amount of $10,000 and against him on his claims of bad faith, fraud, intentional bad faith, attorney fees, and punitive damages. Entry of the state court's judgment in the amount of the verdict followed. Ponse thereafter filed a motion for new trial on damages and motion for additur under OCGA § 51-12-12,[1] a motion for fees and costs under

---

[1] Court interference with jury verdict as to damages.

    (a) The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case.

    (b) If the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only, as to any or all parties, or may condition

OCGA § 33-7-15 (b.1),[2] and a motion for award of appellate costs under OCGA § 5-6-5.[3] We granted Ponse's application for discretionary review, OCGA § 5-6-35 (a) (6),[4] and he now appeals from the state court's denial of his motions, contending that he is entitled to a new trial as to damages and additur, the $10,000 general verdict[5] of the jury as less than the policy limit of liability and the amount of the underlying excess judgment; that the state court erred in denying his post-trial motion for attorney fees under OCGA § 33-7-15 (b.1) for the jury's finding of coverage; and that the state court erred in denying his motion for appellate costs under OCGA § 5-6-5, Atlanta Casualty having failed to show prejudice inuring to its detriment for Ponse's delay in filing the motion. Ponse's claims as to the proper measure of damages and additur are waived for no objection to the general verdict of the jury. Otherwise we find no error. We therefore affirm.

1. Ponse claims that the state court erred in denying him a new trial and additur because the damages verdict was inconsistent with the law and unsupported by the evidence. Pertinently, he argues that the state court's entry of judgment on the general verdict of the jury as returned was error for entitlement as a matter of law to damages of not less than the limit of the policy up to the amount of underlying excess judgment. See *Cotton States Mut. Ins. Co. v. Brightman*, 256 Ga. App. 451, 456 (568 SE2d 498) (2002) ("[A]fter an insurer's liability for *wrongful refusal to settle a claim* against its insured is established, the insured or its assignee is entitled as a matter of law to recover damages equal to the amount by which the judgment exceeds policy coverage. Where, as [in the instant case], these are the only damages sought, damages are liquidated. Cases in which additional damages are sought are distinguishable.") (footnotes omitted; emphasis supplied); see also *Leader Nat. Ins. Co. v. Kemp & Son, Inc.*, 259 Ga. 329,

---

the grant of such a new trial upon any party's refusal to accept an amount determined by the trial court.

(c) Only one grant of a new trial by the judge may be based upon the powers conferred by this Code section. The first grant of a new trial other than one ordered under this Code section and which order granting the new trial is not based on this Code section shall remain governed by Code Section 5-5-50. Id.

[2] "In the event the insurer denies coverage and it is determined by declaratory judgment or other civil process that there is in fact coverage, the insurer shall be liable to the insured for legal cost and attorney's fees as may be awarded by the court." Id.

[3] "If there is a judgment of reversal, the appellant shall be entitled to a judgment for the amount of the costs in the appellate court against the appellee as soon as the remittitur is returned to the court below." Id.

[4] Among other causes of action, appeals in actions for damages in which the judgment is $10,000 or less shall be taken by application for appeal. Id.

[5] "A motion for a new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict." (Citation and punctuation omitted.) *Bank South Mtg. v. Starr*, 208 Ga. App. 19 (429 SE2d 700) (1993).

330 (380 SE2d 458) (1989) ("Whether the full amount of the judgments can be recovered when the insurer *fails to defend* under an obligation to do so[, o]r, on the other hand, is . . . protected by the policy limits[,] . . . [is] a jury question.") (punctuation omitted; emphasis supplied). In taking this position, Ponse further argues that although the state court entered its judgment upon a general verdict which was silent as to the claim on which it was based, by process of elimination, such verdict was based on his remaining claims, negligent failure to settle, negligent failure to defend, or both — this because the jury's verdict by implication rejected Atlanta Casualty's coverage defenses and found against him upon his claims of bad faith, fraud, intentional bad faith, attorney fees, and punitive damages.

For its part, Atlanta Casualty argues that the jury was entitled to consider all of Ponse's claims of negligence and to determine damages as proximately caused by its act or omission. See *Alexander v. Sportslife*, 232 Ga. App. 538, 539 (2) (502 SE2d 280) (1998) ("Before any negligence, even if proven, can be actionable, that negligence must be the proximate cause of the injuries sued upon.") (citation and punctuation omitted).

Pretermitting the question of the range of actionable negligence claims before the jury, the form of the verdict did not require the jury to specify its damages figure.

> In the absence of a verdict form requiring more specificity, the method by which a jury reaches a particular verdict is not a matter of which this court can take judicial cognizance. If [Ponse] desired an explanation of the basis for the damage award, [he] should have objected to the verdict form which allowed the jury free rein to set damages. [His] failure to do so while the jury was still present and available to reform the verdict waived any objection.

(Citations and punctuation omitted.) *Brock v. Douglas Kohoutek, L.P.*, 225 Ga. App. 104, 108-109 (3) (483 SE2d 342) (1997); *Trust Assoc. v. Snead*, 253 Ga. App. 475, 478 (2) (b) (559 SE2d 502) (2002). Because the form of the verdict as to damages was not objected to at trial, the state court did not err in entering judgment on the verdict as rendered.

2. Neither did the state court err in denying Ponse's motion for attorney fees under OCGA § 33-7-15 (b.1), these as barred by the doctrine of res judicata.

> Under the doctrine of res judicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the parties, based upon the same cause of

action as a pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation.

(Punctuation omitted.) *Harvey v. Wright*, 80 Ga. App. 232, 238-239 (2) (55 SE2d 835) (1949). A cause of action involving several damage elements "admits of but one action, where there is an identity of subject-matter and of parties. A plaintiff is not permitted to split his single cause of action to seek in successive litigation the enforcement of first one remedy . . . and then a second." (Citations and punctuation omitted.) *Massey v. Stephens*, 155 Ga. App. 243, 246-247 (1) (270 SE2d 796) (1980). Below there was but a single cause of action against Atlanta Casualty upon its alleged failure to discharge certain of its duties owed to Ponse as his insurer. The record shows that Ponse sought only OCGA § 13-6-11 attorney fees below. Inasmuch as he could have sought OCGA § 33-7-15 (b.1) attorney fees as well, but did not, the state court did not err in denying Ponse's post-trial and post-judgment motion for such fees, these as barred for res judicata. *Harvey v. Wright*, supra; *Massey v. Stephens*, supra.

Notwithstanding the operation of the doctrine of res judicata in this case, the state court was without jurisdiction to change or alter its judgment entered on the general verdict of the jury. In this regard, Ponse's motion for OCGA § 33-7-15 (b.1) attorney fees was filed one week outside the term of court in which the state court entered its judgment on the verdict.[6] *Cobb County v. Buchanan*, 261 Ga. 857 (413 SE2d 198) (1992); *Long v. Long*, 247 Ga. 624, 625 (278 SE2d 370) (1981).

3. There likewise was no error for the state court's denial of Ponse's motion for appellate costs under OCGA § 5-6-5, entitlement to the same as arising "as soon as the remittitur is returned to the court below." Id. Because the statute is silent as to when such entitlement expires, we hold that expiration occurs thereunder within a " 'reasonable [period of] time.' [Cits.]" *Dept. of Med. Assistance v. Llewellyn*, 197 Ga. App. 231 (398 SE2d 256) (1990). Unlike *Llewellyn* wherein we reversed the judgment of the trial court denying appellate costs upon a twenty-day interval between the return of the remittitur and the filing of a motion for appellate costs, id. at 231, here the remittitur from our decision in *Ponse I* was returned on October 2, 2002, and the motion for appellate costs was filed on July

---

[6] The complained-of judgment was entered on June 17, 2003. The relevant term of the state court ran from the first Monday of May (May 5, 2003) through the first Monday of July (July 7, 2003). OCGA §§ 15-6-3 (20); 15-7-40. Ponse filed his out of term motion for attorney fees under OCGA § 33-7-15 (b.1) on July 14, 2003.

14, 2003, nearly eight months later, after trial and entry of judgment thereon. Under these circumstances, the state court did not abuse its discretion upon denying Ponse's motion for appellate costs. Id. at 232.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED OCTOBER 19, 2004 —

*Martin & Jones, Clinton W. Sitton, Robert H. Benfield, Jr.*, for appellant.

*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright*, for appellee.